[Civ. No. 20164. First Dist., Div. One. Aug. 6, 1962.]

JOHN WRIGHT, SR., et al., Plaintiffs and Appellants, v. GROOM TRUCKING CO et al., Defendants and Respondents.

486

Sidney A. Cherniss and Hugh R. Manes for Plaintiffs and Appellants.

Theodore Tamba for Defendants and Respondents.

SULLIVAN, J.—Plaintiffs appeal from certain orders dismissing this action pursuant to section 583 of the Code of

Civil Procedure upon the ground that it was not brought to trial within five years after it was filed.

Their appeal is taken from "the Order . . . dated September 16, 1960, entered in the Minutes of the Court" and from "all orders and Judgments dismissing the above entitled action entered in the Minutes of the Court . . . including the Order . . . filed September 23, 1960, . . ." This abundance of precaution envelops three orders, a minute order and two formal written orders.[1] ▮ An order of dismissal entered upon the official minutes of the court, while not in the form of a judgment in the strict sense, constitutes a final judgment from which an appeal may be taken. (*Southern Pac. R. R. Co.* v. *Willett* (1932) 216 Cal. 387, 390 [14 P.2d 526]; *Jackson* v. *Thompson* (1941) 43 Cal.App.2d 150, 151-152 [110 P.2d 470].) ▮ Where, however, the order entered in the minutes directs that a written order be prepared, signed and filed, the appeal does not lie from the minute order but from the written order. (*Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 304-306 [259 P.2d 901]; *Wallace* v. *Imbertson* (1961) 197 Cal.App.2d 392, 397 [17 Cal.Rptr. 117]; see California Rules of Court, rule 2(b)(2).)† ▮ But where the minute order does *not* direct or otherwise require a further or formal order, appeal lies from the minute order despite the fact that a formal order or formal judgment is subsequently entered. (*Southern Pac. R. R. Co.* v. *Willett, supra.*) In the instant case the minute order of September 16 did not direct or otherwise require the preparation, signing and filing of a formal written order. The two remaining written orders of September 16 and September 23 are, therefore, not appealable orders and plaintiffs' attempted appeals therefrom must be dismissed. We proceed to review the proceedings below on the appeal from the *minute* order of September 16.

The record shows the following: On *August 9, 1955,* plaintiffs filed their complaint in the Superior Court in Los Angeles County seeking damages from personal injuries arising out of an automobile collision. Pursuant to written stipulation of the parties on July 13, 1956, the cause was ordered transferred to the County of Mendocino and was thereafter filed in the Superior Court in the latter county on July 25, 1956.

---

[1] The record contains a minute order of September 16, 1960, granting defendants' motion to dismiss and vacating a trial date; a written "Minute Order on Motion to Dismiss" of September 16 to the same effect; and a written "Order Dismissing Action For Failure to Bring to Trial Within Five Years" made September 22 and filed September 23.

†Formerly Rules on Appeal, rule 2(b)(2).

The answer of all defendants was filed on August 1, 1956. After various continuances, a pretrial conference was held, with counsel for all parties appearing, on April 28, 1960, *three months* and *eleven* days before the expiration of the five-year period prescribed by section 583. The pretrial conference order made and filed on said date set trial for October 3-6, 1960, *beyond the five-year period* which would expire on *August 9, 1960*. It reads in part: "The estimated time for the trial of this case is four days. The case is now set for October 3, 4, 5, and 6, 1960. A jury is demanded by the defendants, and a jury will be drawn on Friday, September 23, 1960. Notice of trial date is waived."

On August 5, 1960, defendants' counsel wrote plaintiffs' counsel advising the latter that the five-year period would run on August 10 and that he would file a motion to dismiss. Notice of motion to dismiss was filed on August 11, 1960, and, after hearing before the court on September 16, such motion was granted and the various orders heretofore mentioned were made and entered.[2]

At the hearing on the motion the court had before it the pleadings and two affidavits of the parties. A short affidavit of defendants' counsel in support of the motion states the filing date of the complaint, that the parties entered into no stipulation extending the time within which to bring the action to trial, and that "the delay of the plaintiffs in bringing said Cause to trial is wholly inexcusable and not caused by any act or acts or omission of defendants or affiant, . . ." The affidavit in opposition by plaintiffs' counsel is more extensive and has attached to it as an exhibit, copies of correspondence had by such counsel relating to the case, including correspondence with defendants' counsel. It purports to present to the trial court various arguments against a dismissal of the action which are in general similar to those now urged by plaintiffs on appeal. Defendants filed no affidavit in replication apparently because copies of plaintiffs' affidavit were misdirected and did not reach defendants' counsel until the night before the hearing.

Section 583 in relevant part provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it

---

[2]The minute order of September 16 from which the appeal lies discloses that the court apparently based its dismissal of the action on the case of *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666 [343 P.2d 919].

may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, *except where the parties have filed a stipulation in writing that the time may be extended. . . .*" (Emphasis added.)

Plaintiffs contend that the pretrial conference order constitutes a written stipulation to extend the time for trial beyond the five-year period. The gist of their argument on this point is that at the pretrial conference the parties agreed to October 3 as the date for the commencement of the trial and the subsequent pretrial conference order was the embodiment of their oral stipulation. In their affidavit in opposition to the motion to dismiss, plaintiffs allege certain colloquy among court and counsel at the pretrial conference which was in substance as follows: that the court said that it could not set a four or five-day jury trial in July and that the earliest available date was October 3; and that each counsel in turn thereupon declared to the court that October 3 was satisfactory. Defendants do not completely deny that the above took place although, as we have pointed out, their affidavit raises the full issue of a valid stipulation by alleging that "no stipulation has been entered into by the parties. . . ." In fairness to the defendants, however, there would seem to be some question as to whether they had a reasonable opportunity to fully rebut or explain the above-mentioned colloquy by an affidavit in replication, since, as we have pointed out, they received a copy of plaintiffs' affidavit the night before the hearing.[3]

A stipulation extending the five-year period of limitation prescribed by section 583 "must be written and extend in express terms the time of trial to a date beyond the five-year period or expressly waive the right to dismissal." (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919].) A mere oral stipulation will neither satisfy the requirement of the statute nor effectively preclude its operation by estoppel. (*Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 338-339 [219 P. 1006]; *Berger* v. *McMahan* (1953) 116 Cal.App.2d 328, 329-330 [253 P.2d 543].)

[3]At the hearing on the motion to dismiss, defendants' counsel maintained that he "didn't agree to the trial date . . . [and] was silent because I wasn't aware of the fact that the statute had run." The court, however, observed, that, such counsel was present when the case was set and that the court "never set a case unless it is agreeable to the parties who are there."

 It has been held however that where the parties through their counsel enter into an oral stipulation in open court extending the time of trial to a date beyond the five-year period and the stipulation is entered in the minutes of the court, such stipulation, although not literally complying with the language of section 583, will operate to estop the defendant from moving to dismiss the action pursuant to such section for want of prosecution. (*Govea* v. *Superior Court* (1938) 26 Cal.App.2d 27, 31 [78 P.2d 433].) The Supreme Court referred to and quoted from the *Govea* case with approval in *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 408 [334 P.2d 12].

 If, however, by order of court entered in the minutes, a cause is continued for trial to a date beyond the five-year period of the statute, but no stipulation of the parties agreeing to such extension of time is entered in the minutes, the above rule announced in *Govea* has no application. (*Preiss* v. *Good Samaritan Hospital* (1959) 171 Cal.App.2d 559, 562-563 [340 P.2d 661].)

In the *Preiss* case, as in the instant one, the affidavit of the moving party stated that there was " 'no stipulation on file, or otherwise,' " extending the five-year period. The plaintiff's affidavit in opposition in *Preiss* alleged that the defendant's counsel stated that he would agree to a further continuance as plaintiff's counsel requested and would appear in court and enter into a stipulation; that counsel for both parties thereupon did so appear and stipulated that the case might be continued to the first open date which was announced by the court and agreed to by both counsel. The minute order thereupon entered showed that defendant's counsel was present in court and provided: " 'ON MOTION OF PLAINTIFF CAUSE ORDERED CONTINUED TO July 14, 1958 AT 9 A. M., NOTICE WAIVED.' " Such new trial date was approximately four months after the expiration of the five-year period. The court stated: "In the case at bar no stipulation of the parties was entered by the clerk in the minutes; consequently the *Govea* case has no application. Other than the claimed minute order, there is no written stipulation in the record that the five-year period be extended. This court has no power to disregard the minutes of a trial court. In other words, the minutes of the trial court import absolute verity, and cannot be collaterally attacked in a reviewing court. (*People* v. *Judge of the Tenth Judicial Dist.*, 9 Cal. 19, 20; *Willson* v. *Broder,* 24 Cal. 190-192; *In re Connor,* 16 Cal.2d 701, 708 [108 P.2d 10].)

"Since there was no stipulation of the parties entered by the

clerk in the minutes extending the five year period and since there was no other stipulation, plaintiff's contention that defendant stipulated in writing to an extension beyond the five-year period cannot be sustained." (171 Cal.App.2d at pp. 562-563.)

The foregoing language is applicable to the case before us. The pretrial conference order upon which plaintiffs here rely, makes no mention of any stipulation entered into between the parties. Indeed no consent of the parties was required for the setting of the case for trial after pretrial conference. (See Rules for the Superior Courts, rule 8.12 (a); now California Rules of Court, rule 220(a).) Plaintiffs seek to have us look behind the court's pretrial conference order and in effect change it, by construing it as a written stipulation. This we cannot do. It is not a written stipulation and makes no mention of a written stipulation. By emphasizing certain words of the order which is quoted in their brief, plaintiffs suggest that evidence of the stipulation of the parties can be found in the recital that the *estimated* trial time was four days, that a jury was *demanded* by defendants, and that notice of trial was *waived*. In such attempt plaintiffs must fail. It is clear that the above words upon which plaintiffs lay great stress and in which they find great significance do not, either singly or together, amount to a stipulation to extend "in *express* terms the time of trial . . . or expressly waive the right to dismissal." (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d at p. 669; emphasis added.)

Nor is plaintiffs' above contention supported by the several cases upon which they rely. *J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666 held that a written stipulation extending a *pretrial* conference did not necessarily extend the time for *trial* beyond the five-year period. Unlike the instant case, it dealt with a *written stipulation* admittedly entered into between the parties and is consequently distinguishable from the case at hand. In *Bayle-Lacoste & Co.* v. *Superior Court* (1941) 46 Cal.App.2d 636 [116 P.2d 458], a condemnation action, a defendant claiming to have been sued as a fictitious party appeared therein more than five years after the complaint was filed. Such defendant in a number of amended answers not only claimed affirmative relief in the form of damages but appeared to be a party indispensable to the suit. Reasoning from the premises that the written stipulation required by section 583 need not be in any particular form and if it could be evidenced in a letter, it certainly could

be expressed by a voluntary appearance, the court declared that *"no more binding stipulation* waiving the time could have been *written* into the records of this proceeding than is constituted by the filing by petitioner of its answer, amended answers, and the acquiescence of plaintiff in such appearance.'' (46 Cal.App.2d at p. 647; emphasis added.) In *Smith* v. *Bear Valley Milling & Lbr. Co.* (1945) 26 Cal.2d 590 [160 P.2d 1], following a written stipulation extending the time beyond the five-year period, a further postponement was predicated upon a series of writings, including affidavits of counsel, which, while unilaterally executed, did, upon being considered together, constitute a written evidence of what was originally an oral stipulation. Both *Rio Vista Mining Co.* v. *Superior Court* (1921) 187 Cal. 1 [200 P. 616] and *Koehler* v. *Peckham* (1936) 11 Cal.App.2d 481 [54 P.2d 500] hold that a written stipulation executed after the expiration of the five-year period is a stipulation within the meaning of the statute since the running of the statutory period did not deprive the court of jurisdiction.[4] *Larkin* v. *Superior Court* (1916) 171 Cal. 719 [154 P. 841, Ann.Cas. 1917D 670], also cited by plaintiffs, holds that *stipulations* extending the time of trial *within* the five-year period, will not be effective to extend the five-year period.

All of the foregoing cases are distinguishable from the instant one. None of them support the contention, advanced by plaintiffs, that the pretrial conference order constitutes a written stipulation. Since such order, as we have pointed out, contains no statement of any such stipulation and since no such statement is found entered in the minutes as auxiliary to the formal order, it is beyond question that it does not constitute a written stipulation and that the exception prescribed by the statute has not been satisfied.

Plaintiffs next contend that defendants are estopped by their conduct from invoking section 583. The argument is presented in two steps. The gist of the first part is as follows: At the pretrial conference on April 28, 1960, defendants' counsel knew that the five-year period of the statute would expire on August 9, 1960, and, therefore, had a duty, if not to plaintiff's counsel, at least to the court to apprise the court of that fact.

---

[4]This rule is now well established. (*Estate of Thatcher* (1953) 120 Cal.App.2d 811, 814 [202 P.2d 337]; see 2 Witkin, California Procedure, p. 1677.)

As supportive of the claim that defendants' counsel knew the expiration date of the five-year period, plaintiffs marshal a number of alleged facts and circumstances from their affidavit in opposition to the motion: The appearance of defendants' counsel in another case involving section 583 (*Continental Pac. Lines* v. *Superior Court* (1956) 142 Cal.App.2d 744 [299 P.2d 417]); his execution of the affidavit supporting the motion to dismiss on August 5, four days before the expiration of the five-year period (as we have pointed out, this was also the day he advised plaintiffs' counsel by letter that he would make the motion); his activity in talking to plaintiffs' counsel about having a medical examination of their clients and taking depositions of plaintiffs' doctors and thereafter his apparent failure to continue with any such plans. It is too clear to require extended discussion that the above circumstances do not necessarily establish that defendants' counsel knew at the time of the pretrial conference on April 28 that the five-year period would expire on August 9. Indeed they are entirely consistent with the conclusion that he did not and that he, like his adversary, was oblivious of the pending bar.

Plaintiffs argue that defendants apparently through their counsel "intended to repudiate their agreement to try the case on October 3" and attempt to ground their argument on *Govea* v. *Superior Court, supra,* 26 Cal.App.2d 27. As we have pointed out above, the *Govea* case is not applicable.

The gist of the second step of plaintiffs' contention is as follows: Even though defendants' counsel did not know of the expiration date of the five-year period until the "last moment," he had induced plaintiffs into believing he would honor the "agreed" October 3 trial date by making arrangements for the taking of the depositions of plaintiffs' doctors and such agreement was "tantamount to a promise" that he would abide by the above trial date. In this argument, plaintiffs appear to disregard the fact that the trial date of October 3 was set at the pretrial conference on April 28. Defendants, by reason of their appearance at such time and their presence when the court set the case for trial in October, were not estopped to invoke section 583 and did not waive their right to move to dismiss under such action. (*Preiss* v. *Good Samaritan Hospital, supra,* 171 Cal.App. 2d 559, 563.) In the *Preiss* case the court stated: " 'Before estoppel can arise here there must have been a duty to act and a failure to act in accordance with the duty; some act in the nature of pre-

vention.' (*Continental Pac. Lines* v. *Superior Court*, 142 Cal. App.2d 744, 754 [299 P.2d 417].) 'The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step.' (*Oberkotter* v. *Spreckels*, 64 Cal.App. 470, 473 [221 P. 698].)'' (P. 563.)

 Underlying all of their argument on the issue of estoppel, is plaintiffs' assumption that the parties ''agreed'' to an October 3 trial date or to put it another way that respective counsel had entered into a stipulation (admittedly oral) in open court to that effect. This we note is the opening clause of plaintiffs' affidavit filed below. However, as we have pointed out, the issue of whether the parties entered into any stipulation was raised by the affidavits. By granting the motion to dismiss, the trial judge in the instant case impliedly found that no agreement had been entered into between the parties. (*Preiss* v. *Good Samaritan Hospital, supra*, 171 Cal. App.2d 559, 564.) In *Preiss* the court overruled the claim of estoppel, stating: ''We cannot say as a matter of law that counsel for defendant stipulated to the continuance and that defendant is thus estopped from making the motion to dismiss, or that defendant waived its right to so move. There is a conflict between the declaration of defendant's counsel and the affidavit of plaintiff's counsel as to whether any oral stipulation had been entered into for a continuance beyond the five-year period. In granting the motion to dismiss, the court impliedly found that no such stipulation had been entered into.'' (P. 564.)

Nor did the subsequent conduct of defendants' counsel give rise to an estoppel. The trial date was already fixed. According to the theory of the argument, plaintiffs' counsel was not aware of the expiration date of the five-year period. How then could he have been induced to believe that defendants would waive their rights under section 583 by reason of discussions between counsel on the subject of depositions? There is nothing in this record showing that counsel for the parties when they agreed upon the taking of the doctors' depositions, did so in the light of any discussions between

them with reference to preventing the operation of section 583. (Cf. *Woley* v. *Turkus, supra,* 51 Cal.2d 402.) Indeed, the record does not show in any way that plaintiffs' counsel knew the five-year period was about to expire. If he had known, the duty would have rested upon him to secure the advancement of the case for trial within the five-year period. (*Preiss* v. *Good Samaritan Hospital, supra.*) As we view the problem in the light of the record, if the statute operated to preclude prosecution of the case, it was solely because plaintiffs' counsel was unaware of the statutory period.

Finally plaintiffs argue that ''it was impractical if not impossible'' for the instant action to be brought to trial within the five-year period. The applicable principles are set forth in *Woley* v. *Turkus, supra,* 51 Cal.2d 402, 406-407 where the court, referring to section 583, stated: ''However, the statute is not designed to arbitrarily close the proceedings at all events in five years. It expressly permits the parties to extend the period without limitation by written stipulation. [Citations.] Exceptions have been recognized by the courts. One arises where a party is unable from causes beyond his control to bring the case to trial either because of a total lack of jurisdiction in the strict sense on the part of the trial court or because proceeding to trial would be both impracticable and futile. Whether it is impossible, impracticable or futile to proceed to trial must be determined in the light of the circumstances in each case. [Citations.]''

However, as stated by Witkin (2 Witkin, California Procedure, p. 1684): ''The net effect of the decisions appears to be that no implied exceptions will be created, and no excuses for noncompliance with C.C.P. 583 will be accepted, unless they may fairly be said to make a trial impracticable.''

Plaintiffs argue that there were several reasons why it was impossible, impracticable and futile for plaintiffs' action to come to trial before October 3, 1960. None of the proferred reasons bring the instant case within any of implied exceptions established by the decisions.

First, plaintiffs claim that October 3 was the earliest date available as the court itself announced, according to plaintiffs' affidavit. This statement was made on April 28, which as we have said was three months and eleven days before the expiration of the period. No claim is, or on the record could be, made that plaintiffs' counsel called the court's attention to the fact that the trial date it was setting was beyond the five-year period. It is very likely that, had he done so, the

court would have arranged for a trial within the five-year period or exercised its powers of persuasion to the end of having the litigants enter into a valid stipulation. At the time of the pretrial conference approximately three and one-half months remained. There is no showing or contention that plaintiffs "took any steps, by motion to advance or otherwise, to have the case specially set within the available period, or that it was impossible to reach said result." (*O'Donnell* v. *City & County of San Francisco* (1956) 147 Cal.App.2d 63, 66 [304 P.2d 852].) Hence, the above reason does not bring plaintiffs within the implied exception to the statute.

Secondly, plaintiffs recite various delays in setting the cause down for pretrial conference, which we deem unnecessary to detail here. Eventually pretrial conference was set for January 28, 1960, which date plaintiffs fix upon as indicative of great delay. But the record shows that some of the continuances prior to this and the delay consequent thereto are chargeable to plaintiffs.[5] There is also evidence in the record susceptible of a reasonable inference that plaintiffs' counsel asked for a further continuance of the pretrial conference to April 28, when it was finally had. Our examination of the record discloses that most of the delays were at the request of the plaintiffs' counsel. Certain delays in finally setting the case for pretrial conference was apparently due to the crowded condition of the calendar. "A pretrial conference, however, is merely a step, even though a vital one, leading to the trial." (*J. C. Penney Co.* v. *Superior Court, supra*, 52 Cal.2d 666, 670.) The implied exception upon which plaintiffs rely "does not contemplate that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period." (*O'Donnell* v. *City & County of San Francisco, supra*, 147 Cal.App.2d 63, 65-66; see *Continental Pac. Lines* v. *Superior Court, supra*, 142 Cal.App.2d 744, 750.) In our

---

[5]For example, the record shows: Pretrial conference was set for November 21, 1957, and ordered continued to January 30, 1958. A letter attached to plaintiffs' affidavit indicates this continuance was requested by plaintiffs. Pretrial was later continued to March 7, 1958, at plaintiffs' request. Because of the death of one of the plaintiffs, the court on March 10, 1958, ordered the action dropped from the civil active list to be restored on filing of a new memorandum to set. A new memorandum was filed on January 8, 1959. Apparently the new memorandum had placed the case back on the civil active list from which cases were set for pretrial.

view, the circumstance of filing a new memorandum to set and waiting while the action took its position on the calendar to be set for pretrial conference is, to adopt the language of *O'Donnell,* among the "ordinary incidents of proceedings." In addition, as we have already pointed out, when the pretrial conference eventually was held, it was still not impossible, impracticable or futile to have the action brought to trial within the five-year period, had plaintiffs been vigilant in respect to the running of the statute.

Finally, plaintiffs argue that section 583 "was tolled from April 2, 1957, until at least August of 1958, throughout which period plaintiffs were unable to proceed with the trial because attempting to locate defendant Cary, a material witness." Cary was the driver of the truck which collided with plaintiffs' vehicle. Plaintiffs' argument in support of the tolling of the statute runs as follows: That since they could not locate Cary, they were unable to complete discovery procedures and as a result were unable to bring the case on for pretrial; that defendants' counsel owed them a duty to reply to their inquiries concerning Cary's whereabouts, and if he had answered such inquiries, the case could have proceeded to pretrial much sooner than it did; that accordingly, they were not responsible for the delay occurring during the above-mentioned period of approximately sixteen months and the statutory period prescribed by section 583 was tolled during such time. It is in effect plaintiffs' claim that to the above extent and within the above compass of time, it was impracticable, if not impossible, for them to proceed to trial.

This line of argument is without merit. No tolling of the five-year period is or can be claimed upon the basis of the statutory exception applying in instances of the defendants' absence from the state or concealment. Such exception is inapplicable here since the defendant Cary appeared by answer and at all times thereafter had an attorney of record. (Code Civ. Proc., § 583.) Nor is any claim made that the instant case falls within the implied exception recognized where the absent defendant is in the military service (see *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61 [168 P.2d 665]; see also Code Civ. Proc., § 583.5 providing for extension of time of trial where material witness cannot be obtained during and by reason of existence of hostilities). Apart from such recognized exceptions, the difficulty encountered and time spent in obtaining the testimony of a material witness

will not alone establish an exception to the mandatory provisions of the statute and thus prolong the time within which to bring an action to trial. Claims of difficulty in locating witnesses and of time consumed in obtaining their testimony can be easily made. To construct from them an implied exception tolling the statute for such reasons, would be to frustrate the very purpose for which it was enacted and in practical effect to emasculate it. (See *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325, 330-331 [2 Cal.Rptr. 826].)

Plaintiffs concede that they ''could have proceeded to trial without Cary or his deposition, and ultimately plaintiffs were prepared to do so.''[6] They maintain however that it was imperative for them to be prepared to make a showing of diligent effort on their part to find and *subpoena* Cary for a deposition and that if defendants' counsel had answered their inquiries about Cary they might very well have been able to proceed with pretrial and trial in 1957 or 1958 with some assurance that Cary would not appear at the trial as a '' 'surprise witness.' ''

Defendants' counsel had no duty to assist plaintiffs' counsel in the preparation of plaintiffs' case. (*Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 753-754.) No claim is made that defendants' counsel prevented the taking of Cary's deposition. Cary had appeared by answer and was before the court. At any time after January 1, 1958, the effective date of the revised statutes dealing with the taking of depositions, plaintiffs could have initiated proceedings to take Cary's deposition on oral interrogatories by merely serving a notice to that effect on his counsel. (Code Civ. Proc., § 2019, subd. (a)(4).) The service of a subpoena on Cary himself was not required. In the event that he did not appear, the court could have imposed sanctions provided for in section 2034 of the Code of Civil Procedure including the striking out of his pleadings or the entering of a judgment by default against him. (Code Civ. Proc., § 2034, subd. (d).) We conclude that there is nothing in the foregoing circumstances upon which plaintiffs rely which either tolled the limitations period prescribed by section 583 or made it impossible, impracticable

---

[6]Since the liability of the defendants was joint and several, the trial court also had the discretion to order a separate trial in respect to the defendants other than Cary. (*Ross* v. *George Pepperdine Foundation* (1959) 174 Cal.App.2d 135, 142 [344 P.2d 368]; *Ellsworth* v. *United States Metals Corp.* (1952) 110 Cal.App.2d 727, 730 [243 P.2d 575].)

or futile for plaintiffs' action to be brought to trial within such statutory period.

The attempted appeal from the formal written minute order on motion to dismiss dated September 16, 1960, and the attempted appeal from the written order dismissing action for failure to bring to trial within five years, dated September 22, 1960, and entered September 23, 1960, are, and each of them is, dismissed. The judgment of dismissal is affirmed.

Bray, P. J., and Conley, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 2, 1962.

*Assigned by Chairman of Judicial Council.