[Civ. No. 47557. Second Dist., Div. Five. Apr. 5, 1976.]

RALPH W. GOERS, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
PORTLAND CEMENT ASSOCIATION, Real Party in Interest.

COUNSEL

Jones & Wilson and George W. Coleman for Petitioner.

No appearance for Respondent.

Musick, Peeler & Garrett and James B. Bertero for Real Party in Interest.

OPINION

ASHBY, J.—Petitioner is the cross-complainant in a civil suit now pending against the real party in interest.[1] The cross-complaint was filed November 23, 1970. Trial was originally set for August 14, 1972. It was continued to October 2, 1972, at the request of the real party, and then

---

[1]The complaint and a portion of the cross-complaint affecting other parties were dismissed upon settlement of the action as to such parties. Petitioner's cross-complaint against the real party is the only portion of the lawsuit still pending.

reset for October 16, 1972, upon stipulation of counsel. On October 6, 1972, on motion of real party, the at-issue memorandum was vacated and respondent court ordered that trial be reset not less than 90 days after the filing of a new at-issue memorandum. On February 14, 1975, in a notice of motion to restore the matter to the civil active list, petitioner declared that the matter was at issue. The motion was heard March 7, 1975, at which time respondent scheduled a mandatory settlement conference for August 4, 1975, and set trial for September 8, 1975.

On the latter date the parties appeared for trial, but no trial courts being available, respondent, on its own motion, reset trial for November 24, 1975, with priority. Respective counsel waived the five-year statute (Code Civ. Proc., § 583, subd. (b)) until the close of business on November 28, 1975, but no longer. On November 24, 1975, the matter was trailed for lack of a judge or courtroom. On November 26, 1975, the matter was again trailed for lack of a judge or courtroom. The parties were informed that no judge or courtroom was likely to be available on November 28 either.[2]

Petitioner filed his petition on November 26, 1975, seeking a writ of mandate ordering respondent to commence trial within the statutory (Code Civ. Proc., § 583, subd. (b)) time period; or alternatively, a writ of prohibition restraining respondent from dismissing the cause of action pursuant to Code of Civil Procedure section 583, subdivision (b). This court stayed all proceedings relating to dismissal of the cause of action and issued an alternative writ. Hearing on the alternative writ was held January 28, 1976. We have concluded that petitioner is entitled to proceed to trial on the merits of his cross-complaint.

Code of Civil Procedure section 583, subdivision (b), requires that a case be dismissed unless it is brought to trial within five years. Delay may be excused, however, if it has been impossible or impracticable to proceed to trial. (*Weeks* v. *Roberts,* 68 Cal.2d 802, 805 [69 Cal.Rptr. 305, 442 P.2d 361].) ▪ The normal time of waiting for a place on the court's calendar is not excluded from computing the five-year period. (*Crown Coach Corp.* v. *Superior Court,* 8 Cal.3d 540 [105 Cal.Rptr. 339, 503 P.2d 1347].) When, however, a plaintiff has waited the normal time for a place on the calendar and has been assigned such a place well within the five-year period, his inability thereafter to proceed to trial because of continued court congestion should not be chargeable to the

---

[2]November 27, 1975, was Thanksgiving Day.

five-year period. ". . . It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it." (*Weeks* v. *Roberts, supra,* 68 Cal.2d 802, 807; also see *Vecki* v. *Sorensen,* 171 Cal.App.2d 390, 393 [340 P.2d 1020].)

■ Petitioner herein having taken steps as early as February 1975 to secure a trial date, and having obtained a trial date two and one-half months in advance of the expiration of the five-year period, demonstrated the diligence required of him under the statute. Upon being advised by respondent on September 8, 1975, and on each subsequent date set for trial, that courtroom facilities were unavailable, it became impossible for petitioner to proceed to trial. The period from September 8, 1975, until such time as this opinion becomes final, therefore, shall not be included in computing the period under Code of Civil Procedure section 583, subdivision (b). Petitioner shall have a total of 81 days after this opinion becomes final in which to bring this matter to trial.[3]

Let a peremptory writ of mandate issue directing respondent to conduct a trial in the matter of Ralph W. Goers, dba Ralph W. Goers & Associates v. Portland Cement Association, Ventura County Superior Court case number 53424, within the five-year statutory period as computed above.

Kaus, P. J., and Stephens, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied June 2, 1976.

---

[3]We are advised that the matter is presently provisionally set for trial on July 6, 1976.