[Civ. No. 48875. Second Dist., Div. Five. Oct. 21, 1976.]

MICHAEL J. SINGELYN et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
AUSTIN MARLOWE, Real Party in Interest.

## COUNSEL

Kirtland & Packard, Austin C. Smith, Jr., Bonne, Jones & Bridges and Gilbert H. Jones for Petitioners.

No appearance for Respondent.

Walter G. Mortensen for Real Party in Interest.

## OPINION

**HASTINGS, J.**—Petitioners are defendants in a pending medical malpractice action filed by real party in interest in respondent court on June 7, 1971. Trial in said action was originally set for October 1, 1975. In September 1975, counsel for real party received word from real party's wife that real party was hospitalized with cancer in Florida where he then resided and would be unavailable for the scheduled trial. Counsel for real party thereupon requested and obtained a continuance and trial was reset for January 22, 1976. In December 1975 counsel for real party requested a further continuance. The trial date was vacated and a trial setting conference was scheduled for February 4, 1976, at which time respondent court, without objection by either side, assigned a trial date of June 8, 1976. On the latter date, petitioners moved for dismissal for failure to prosecute pursuant to section 583, subdivision (b) of the Code of Civil Procedure. Respondent denied petitioners' motion and the within petition followed. We granted an alternative writ and set the matter for hearing.

■ Petitioners assert that the five-year statutory period for bringing the action to trial expired June 7, 1976; that they did nothing to waive their right to assert the statute; that the operation of the statute was not tolled; and that respondent therefore had a mandatory duty to grant their motion under section 583, subdivision (b) of the Code of Civil Procedure.

■ Real party concedes that petitioners neither stipulated to an extension of the five-year period nor waived their rights under the statute, except for their having participated in the trial setting conference. Petitioners' presence at the trial setting conference did not constitute a barrier to their seeking dismissal under section 583, subdivision (b). (*Wright v. Groom Trucking Co.,* 206 Cal.App.2d 485, 493-494 [24 Cal.Rptr. 80].)

■ Real party asserts that his illness rendered it impossible or impracticable for him to bring the matter to trial within the five-year period. We know of no case in which the illness of a plaintiff has been held to toll the statute, or in which it has even been a factor considered in

that connection. In *Beswick* v. *Palo Verde Hospital Assn.*, 188 Cal.App.2d 254 [10 Cal.Rptr. 314], wherein plaintiff's attorney died, the court stated that the delay occasioned by his illness and death was attributable to plaintiff and did not toll the statute. In the case at bar, real party concedes that he was able to travel as early as April of this year and was available for trial from then on. There is nothing in the record before us which would indicate that court congestion precluded respondent's setting the matter for hearing prior to June 8, 1976, and counsel for real party stated in oral argument that he could not represent to us that respondent's calendar was full. Thus, it would appear first, that although real party's illness occasioned a delay of the trial, it did not necessitate a delay beyond the five years; and second, that court congestion beyond real party's control was not the culprit. (Cf. *Goers* v. *Superior Court*, 57 Cal.App.3d 72 [129 Cal.Rptr. 29].)

■ At most, the record supports the conclusion that respondent court was unaware of the expiration date of the five-year statute when it selected the June 8th trial date. No case, to our knowledge, has ever held that inadvertence on the part of the court in selecting a trial date constitutes the type of impracticability, impossibility or futility which tolls the five-year statute. Nor do we propose to adopt such a rule. It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court*, 8 Cal.3d 540, 549 [105 Cal.Rptr. 339, 503 P.2d 1347].)

We are not unsympathetic to the plight of real party herein, nor are we unmindful of the fact that the statutory period was exceeded by only one day. Any limiting statute must decree some cut-off point, however, and in this instance the Legislature has set it at five years. If we were to extend it to five years and one day out of sympathy for real party, would we then, by parity of reasoning, be obliged to extend it to five years and two days when that case arises, as it inevitably will? If so, what does the ultimate cut-off point become? Obviously, it must be the one selected by the Legislature.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of June 8, 1976, denying petitioners' motion to dismiss case No. C.-4609 entitled Austin Marlowe, plaintiff, vs. Michael Sin-

gelyn, M.D., et al., defendants, and to enter a new and different order granting said motion pursuant to section 583, subdivision (b) of the Code of Civil Procedure.

Kaus, P. J., and Stephens, J., concurred.