[Civ. No. 50912. Second Dist., Div. Five. Mar. 2, 1978.]

GENE E. TAYLOR, Plaintiff and Appellant, v.
RAYMOND E. SHULTZ et al., Defendants and Respondents.

## COUNSEL

Chase, Rotchford, Drukker & Bogust and David Clark for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Peter Abrahams, Brill, Hunt, DeBuys & Burby and Michael T. Fox for Defendants and Respondents.

## OPINION

**HASTINGS, J.**—Plaintiff and appellant Gene E. Taylor appeals from a judgment dismissing his action for personal injuries when he failed to bring it to trial within five years of its commencement (Code Civ. Proc.,

§ 583, subd. (b)).[1] We set forth the facts as revealed by the evidence that support the judgment in favor of the respondents Raymond E. Shultz and Samuel Firks. (*Estate of Teel,* 25 Cal.2d 520, 526 [154 P.2d 384].)

Plaintiff filed his complaint on February 24, 1971, against defendants Shultz and Firks alleging that he was injured while riding his motorcycle on certain undeveloped property owned, operated and managed by defendants. A barbed wire stretched across a certain trail caused plaintiff to be thrown from his motorcycle.

On August 2, 1974, the court issued an order to show cause in re dismissal because plaintiff had not filed a certificate of readiness after receiving a notice of eligibility. The order to show cause was taken off calendar and the certificate of readiness was eventually filed on December 23, 1974. On July 30, 1975, attorneys for both defendants appeared for a trial setting conference but plaintiff's counsel did not appear, and the certificate of readiness and at-issue memorandum were ordered stricken.

On January 16, 1976, five weeks before expiration of the five-year period for commencing trial, plaintiff's counsel filed a motion to specially set the case for trial. At that time, a stipulation extending the time for trial up to and including September 1, 1976, was executed by counsel for all parties. The court set the matter for a trial setting conference on May 14, 1976.

On May 14, 1976, the attorneys for the defendants appeared for the trial setting conference, but when they found no one representing plaintiff, they left. After defense counsel had left the courtroom, one of the attorneys for plaintiff apparently arrived, and he persuaded the clerk to continue the trial setting conference to July 1, 1976,[2] and obtained a "reserved trial date" of October 4, 1976.[3]

---

[1]Section 583, subdivision (b), provides: "Any action heretofore or hereafter commenced *shall* be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, *except where the parties have filed a stipulation in writing that the time may be extended.*" (Italics added.)

[2]Plaintiff does not seriously challenge this version of what happened on May 14th. He merely states that the trial setting conference memorandum reflects that all parties appeared by their counsel, but that the conference was continued until July 1, 1976, and that plaintiff was instructed to give notice (which would not ordinarily be given if all counsel were present at the same time).

[3]Defense counsel claim this date must have been obtained by plaintiff's counsel after

On July 1, 1976, counsel for all parties appeared. The trial setting conference memorandum (which was originally stamped May 14, 1976, and then re-stamped July 1, 1976) indicates that a jury trial was requested by all parties, but notice of trial was waived; that a mandatory settlement conference was scheduled for September 17, 1976, and that "the case is set for trial at 9 a.m. on the 4 day of October 1976, in Dept. 1."

Prior to the mandatory settlement conference, counsel for defendant Firks filed a written request to be excused from joining in the mandatory settlement conference, since it appeared that the matter must be dismissed pursuant to Code of Civil Procedure section 583, subdivision (b). On September 17, 1976, at the mandatory settlement conference, the court transferred the matter to the master calendar department for a hearing on whether the matter should be dismissed. Following the submission of briefs and declarations from all parties, the trial court dismissed the action and plaintiff filed this appeal.

■ Plaintiff contends that the presence of counsel for all of the parties at the July 1st trial setting conference, at which time the case was set for trial on October 4, 1976, constitutes a waiver of, or an exception to, the provisions of Code of Civil Procedure section 583, subdivision (b). Defendants, however, state that mere presence of all the parties at the trial setting conference was not sufficient as the law clearly states that the extension of the five-year period must be agreed to by all parties in a written stipulation or by an oral stipulation in open court that is made a part of the minutes.

It is undisputed that the only written stipulation filed with the court extending the time for trial after the expiration of the five-year period was the stipulation extending the time up to and including September 1, 1976. No written stipulation was signed by all of the parties extending the time for trial past that date. The sole issue, therefore, is whether the presence alone of all counsel at a pretrial or trial setting conference waives the requirement of a written stipulation (or oral stipulation recorded in the minutes) when the court sets a trial date after expiration of the five-year period, or, as in this case, after a date previously stipulated to. We conclude that it does not.

---

the had left. The declarations of the parties seem to verify this. The only initials on the trial setting conference memorandum are "RMY" and presumably are those of Robert Young, one of the attorneys for plaintiff.

The law, as stated by defendants, is correct and the courts have strictly enforced it. ■ The reason behind the requirement for a written stipulation was first explained in *Miller & Lux, Inc. v. Superior Court,* 192 Cal. 333, 340 [219 P. 1006]: "The provision [§ 583] that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was *deliberately* intended to be extended by both parties." (Italics added.)

■ In *Wright v. Groom Trucking Co.,* 206 Cal.App.2d 485 [24 Cal.Rptr. 80], all of the parties, through counsel, were present at a pretrial conference. The trial was set at a date after the five-year period had expired. Plaintiffs argued that at the pretrial conference certain colloquy among court and counsel resulted in the court setting the trial at the earliest available date, and that each counsel, in turn, declared to the court that the date was satisfactory. The court, in affirming the dismissal of the action, stated on page 492: "The pretrial conference order upon which plaintiffs here rely, makes no mention of any stipulation entered into between the parties. . . . . Plaintiffs seek to have us look behind the court's pretrial conference order and in effect change it, by construing it as a written stipulation. This we cannot do. It is not a written stipulation and makes no mention of a written stipulation."

In *Singelyn v. Superior Court,* 62 Cal.App.3d 972 [133 Cal.Rptr. 486], all parties, through counsel, were present at the trial setting conference. The court, at that time, assigned a trial date of June 8, 1976, which was one day after expiration of the five-year statutory period. In affirming the judgment of dismissal, we stated at page 974: "Real party concedes that petitioners neither stipulated to an extension of the five-year period nor waived their rights under the statute, except for their having participated in the trial setting conference. Petitioners' presence at the trial setting conference did not constitute a barrier to their seeking dismissal under section 583, subdivision (b). [Citation.]" Later in the opinion (p. 975), we said: "It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period. [Citation.]" The law of *Wright* and *Singelyn* is controlling here. It was plaintiff's duty to make certain that the case was brought to trial on or before September 1, 1976, or that a stipulation extending the time was signed by all the parties, or agreed to by an oral stipulation entered in the minutes.

Plaintiff, recognizing that *Singelyn* and *Wright* are directly in point, urges us to reject them, claiming they improperly extend the law enunciated in *J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666 [343 P.2d 919], and *General Ins. Co.* v. *Superior Court,* 15 Cal.3d 449 [124 Cal.Rptr. 745, 541 P.2d 289].

We disagree with plaintiff's argument. Plaintiff contends the intent of the law, as expressed in *J. C. Penney* and *General Ins. Co.,* was met in the present case by a series of determinations made by counsel at the trial setting conference of July 1, 1976; namely, a request for jury trial by all parties; waiver of notice of trial by all parties; and selection of a mandatory settlement conference date. Each of the above determinations, plaintiff contends, brings the court's processes into play in one form or another, and should therefore be treated as tantamount to a written stipulation or oral stipulation entered in the minutes extending the five-year period. Plaintiff cites no authority for such a proposition and there is no language in *J. C. Penney* or *General Ins. Co.* to support it. First, the factual situations in said cases were far different from the factual situations faced here and in *Singelyn* and *Wright.* Second, there is no inconsistency between the four cases. If anything, *J. C. Penney* and *General Ins. Co.* support defendants' argument because they stress the need for a written stipulation that clearly reflects the mutual understanding of all parties.

The judgment of dismissal is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1978.