[Civ. No. 64986. Second Dist., Div. Five. Mar. 21, 1983.]

FLORENCE BREACHER, Plaintiff and Appellant, v.
HAROLD BREACHER et al., Defendants and Respondents.

COUNSEL

Bernard B. Cohen, Hufstedler, Miller, Carlson & Beardsley, Burton J. Gindler, Peter O. Israel and Robert S. Thompson for Plaintiff and Appellant.

Donald N. Woldman and Gary Fishbein for Defendants and Respondents.

OPINION

ASHBY, J.—In this action for fraud plaintiff Florence Breacher appeals from an order dismissing her complaint pursuant to Code of Civil Procedure section 583, subdivision (b), for failure to bring the action to trial within five years after the filing of the complaint.

The complaint was filed on October 1, 1976. However, both plaintiff's counsel and defendants' counsel mistakenly believed that the complaint had not been filed until November 10, 1977.[1] Neither counsel discovered the mistake until December 22, 1981, when the true filing date was pointed out to counsel by the court. Defendants then promptly moved for dismissal under section 583, subdivision (b). The trial court thereafter dismissed the action and this appeal followed.

We conclude the action was erroneously dismissed. Trial was originally set for a date within the five-year period, and all the subsequent delays in bringing the matter to trial fell within well-established tolling periods or exceptions to the statute.

Trial was originally set for September 21, 1981, which was prior to expiration of the five-year period. Trial was then continued to October 26, 1981, by the written stipulation of the parties. Section 583, subdivision (b), expressly provides that the time may be extended by the written stipulation of the parties. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 95, pp. 2756-2757.)

On October 26 the parties were placed on "beeper" call due to the court's congested trial calendar. ■ Where a plaintiff has obtained a trial date and is prevented from going to trial because no courtroom is open, the delay for court congestion is not counted in calculating the five-year period. (*Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72, 74-75 [129 Cal.Rptr. 29]; *Bennett* v. *Bennett Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673, 677-678 [178 Cal.Rptr. 633]; see *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 766 [180 Cal.Rptr. 337, 639 P.2d 979].)

On November 10, 1981, the cause was assigned to a trial judge, but defendants disqualified the judge under Code of Civil Procedure section 170.6. On November 13 it was assigned to another judge, who was disqualified by plaintiff under the same section. The cause was not assigned to a third judge until December 18, 1981. ■ The period a trial is held in abeyance pending assignment of another judge pursuant to section 170.6 is to be disregarded in considering a subsequent motion to dismiss under section 583, subdivision (b). (*Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908]; *Hartman* v. *Santamarina, supra,* 30 Cal.3d at p. 768.)

---

[1] Plaintiff's counsel looked at the summons attached to his office copy of the complaint, which showed that summons issued on November 10, 1977. He assumed that the summons had been issued on the same date the complaint was filed. In the fall of 1980, an associate in the office of defendants' counsel telephoned the civil registrar's office, asked for the filing date in the action, and was also given the date of November 10, 1977.

The reasons why this case did not go to trial on December 18 are set forth in the uncontradicted affidavit of plaintiff's counsel in opposition to the motion to dismiss. On December 10 defendants' counsel had phoned plaintiff's counsel and stated that defendants wanted to go off beeper call during the Christmas/New Year holiday period. Plaintiff's counsel told him that plaintiff would not consent. On December 14 defendants' counsel phoned plaintiff's counsel and stated he would appear in department one the next morning to request the court to place the case off beeper call during the holiday season over plaintiff's objection. Later that day plaintiff's counsel discussed the matter with his client, who then authorized counsel to agree to go off beeper call during the holiday period until January 4, 1982. On December 15 both counsel appeared in department one at which time the court took the case off beeper call until January 4. On December 18 counsel were informed that the case had been assigned to the third judge for trial commencing after January 4. The judge requested counsel to meet with him on December 22 to discuss a date for commencement of trial. During the December 22 conference the judge pointed out, and counsel learned for the first time, that the complaint had been filed on October 1, 1976. Defense counsel immediately informed the court he would move to dismiss under section 583, subdivision (b).

■ Thus, the reason this case did not go to trial within the statutory period as extended by the above exceptions was that defendants did not want to be on beeper call during the Christmas/New Year's holidays. The delay was sought by defense counsel, who informed plaintiff's counsel he would request the delay from the court over plaintiff's objection if necessary. Under these circumstances, defendants should be estopped to seek dismissal under section 583, subdivision (b). (See *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407-409 [334 P.2d 12]; *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 438 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal. App.3d 276, 279-280 [175 Cal.Rptr. 150]; *Holder* v. *Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 325-327 [175 Cal.Rptr. 313].) In *Holder* v. *Sheet Metal Worker's Internat. Assn., supra,*[2] the defendant's trial counsel, prior to the expiration of the statutory period, told the plaintiffs' counsel that he would request a continuance from the court. Plaintiffs' counsel did not object to the motion, which was granted to a date beyond the statutory period. However, defense counsel thereafter successfully moved for a dismissal. The appellate court reversed, stating that the defendant had selected a trial date beyond the statutory period, which indicated defendant's willingness to excuse delay and his apparent satisfaction with his state of preparedness for trial. "Here, [defense counsel] represented to opposing counsel he wished to continue the case for trial. In his motion for continuance he made that same

---

[2]*Holder* arose under Code of Civil Procedure section 583, subdivision (c), an analogous provision requiring that a case be brought to trial within three years from the filing of the remittitur after reversal on appeal.

representation to the court. Having made that bargain, he is bound by it. To permit him to do otherwise is unseemly." (*Holder* v. *Sheet Metal Worker's Internat. Assn.*, *supra*, 121 Cal.App.3d at p. 327.)

The instant case is practically on all fours with *Holder,* but even more compellingly requires reversal. Here, at the time of defendants' request for delay, the parties were on beeper call, ready to go to trial, awaiting only the availability of a courtroom and a third judge. The holiday delay was at the initiative and insistence of defendants. As in *Holder,* it would be most unseemly to hold that after requesting and obtaining such a delay defendants may, a few days later upon learning the true filing date of the complaint, repudiate their own conduct and instead take advantage of it to secure a windfall dismissal on the eve of trial.[3]

We therefore conclude the order of dismissal should be reversed and the cause placed back in the status it occupied before defendants requested the delay, that is, on beeper call pending the availability of a court for trial. (See *Diverco Constructors, Inc.* v. *Wilstein* (1970) 4 Cal.App.3d 6, 14 [85 Cal.Rptr. 851].)[4] Although there are no more days remaining in the statutory period, the statute will continue to be tolled while the case is on beeper call due to the congestion of the court's calendar. (*Goers* v. *Superior Court, supra,* 57 Cal.App. 3d at p. 75.) The parties and the court can use the time between the filing of this opinion and the filing of the remittitur to prepare for trial.

The order of dismissal is reversed with directions to the trial court to restore the cause to beeper call status effective immediately upon the finality of this opinion.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 19, 1983, and respondents' petition for a hearing by the Supreme Court was denied May 18, 1983.

---

[3]Neither party was aware of the five-year problem when the holiday delay was requested. It is of course plaintiff's duty, not defendants', to be aware of the pertinent date and to see that the case is brought to trial within five years. But this is not a case of a defendant's mere participation in a pretrial conference, which has been held not to estop a defendant's reliance upon section 583, subdivision (b). (*Lane* v. *Davis* (1964) 227 Cal.App. 60, 63 [38 Cal.Rptr. 425]; *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 493 [24 Cal.Rptr. 80]; *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 974 [133 Cal.Rptr. 486]; *Taylor* v. *Schultz,* 78 Cal.App.3d 192, 196.) Here the parties were on beeper call ready for trial, and the delay was requested by defendants. It appears that in *Holder* also, both counsel were ignorant of the statutory deadline. Although the defendant's conduct was not fraudulent, the court still held the defendant could not take advantage of its own deliberate request for delay. (See *Holder* v. *Sheet Metal Worker's Internat. Assn.*, *supra,* 121 Cal.App.3d at pp. 323, 324.)

[4]The trial judge who ordered the dismissal has since retired.