[Civ. No. 49170. Second Dist., Div. Two. Sept. 23, 1976.]

ROSS ADRIAN BROWN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
BETTY McELROY, Real Party in Interest.

COUNSEL

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca, Jr., for Petitioner.

No appearance for Respondent.

Siegal, Ruch & Friedman and Lawrence S. Ruch for Real Party in Interest.

OPINION

FLEMING, J.—The trial court denied defendant's motion, made on June 29, 1976, to dismiss the action which had been filed on May 20, 1971, for personal injuries suffered in an automobile accident occurring in September 1970. We issued an alternative writ ordering the superior court to show cause why defendant's motion should not be granted. ■ We conclude that the motion should have been granted under the authority of Code of Civil Procedure section 583, subdivision (b), which requires dismissal of an action not brought to trial within five years.

Plaintiff McElroy was incarcerated in state prison from April 1971 to June 1974. After the filing of the action and during the period of McElroy's imprisonment, defendant Brown filed an answer, interrogatories were propounded by plaintiff, defendant's deposition was taken, and settlement negotiations were conducted. McElroy contends, however, that the motion to dismiss was properly denied because she could not bring the matter to trial for reasons beyond her control, i.e. her incarceration made it impossible for her to prosecute this action.

The record does not support McElroy's contention. It is apparent that her counsel prosecuted the matter during her imprisonment and prepared her case for trial, and that his preparation was not prejudiced by her incarceration. If anyone suffered prejudice it was Brown, whose counsel apparently could not take McElroy's deposition until her release from prison.[1]

It is true, of course, that during her incarceration it may have been inadvisable as a tactical matter to proceed with the trial in her absence. We do not need to consider whether her unavailability would have rendered it " 'impractical and futile' " (*Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 551 [86 Cal.Rptr. 297, 468 P.2d 553]) to proceed with the trial, because in May 1974 she had written her counsel that she would be released on work furlough in June 1974 and thereafter would be available to appear at trial at any time. She was released in June 1974, almost two years before the expiration of the five-year period for bringing her cause to trial.

McElroy contends, however, that she made "all reasonable attempts" to bring the cause to trial after her release and therefore it should not be dismissed. The record does not support her contention. We have taken judicial notice of the contents of the superior court file (Evid. Code, §§ 452, subd. (d), 459), and it is barren of any attempt to obtain an early setting date or advance or accelerate the cause for trial before the expiration of the five-year period. We find no facts that would exempt this case from the operation of Code of Civil Procedure section 583, subdivision (b).

---

[1]Brown's counsel noticed McElroy's deposition three times in 1973 and 1974. It was only on the fourth attempt in 1975 that her deposition was finally taken.

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying defendant's motion to dismiss and enter a new and different order granting said motion. The alternative writ of mandate is discharged.

Roth, P. J., and Compton, J., concurred.