[No. F013695. Fifth Dist. Sept 12, 1990.]

NEW WEST FEDERAL SAVINGS AND LOAN ASSOCIATION, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
PHILIP WEBER et al., Real Parties in Interest.

COUNSEL

Brown & Wood, James D. Yellen, Kevin J. Senn and Richard B. Schreiber for Petitioner.

No appearance for Respondent.

Bourdette & Partners and Douglas L. Hurt for Real Parties in Interest.

OPINION

**BEST, Acting P. J.—**

### STATEMENT OF THE CASE AND FACTS

On October 16, 1984, plaintiffs Philip and Donna Weber filed a complaint in the superior court naming American Savings and Loan Association and its predecessor, State Savings and Loan Association, petitioner herein, and various former officers and employees of State Savings as defendants. The complaint basically alleged that petitioner promised to fund the development of property known as the Golden Dawn Ranch in Fresno, both as a lender and as a joint venture partner; relying on this promise, plaintiffs paid fees to petitioner and expended considerable funds to bring the project to fruition; after complying with the terms of the agreement, plaintiffs demanded that petitioner perform its part of the bargain; petitioner failed to do so, making it necessary for plaintiffs to cover expenses without the promised funding, which led to disastrous financial consequences for the developers. Plaintiffs sought damages that resulted from the alleged wrongful acts of petitioner.

Plaintiffs filed their at issue memorandum (allegedly) on January 27, 1989 (the date is not legible), and the trial was set for July 31, 1989. Petitioner filed a motion for summary judgment, which was heard on June 29, 1989, and denied on July 5, 1989. Petitioner filed a petition for writ of mandate and request for stay in this court on July 20, 1989, seeking reversal of the superior court's order denying petitioner's motion for summary judgment.

This court issued an order on July 27, 1989, staying the trial proceedings in the superior court. On August 1, 1989, this court granted petitioner's writ of mandate and continued the stay in effect until the lower court

entered an order complying with the appropriate provisions of Code of Civil Procedure section 437c.[1]

On August 24, 1989, the superior court entered a new order, again denying petitioner's motion for summary judgment, which had the effect of dissolving this court's order staying the trial proceedings. The stay was in effect for a period of 28 days. Petitioner filed yet another petition for writ of mandate in this court on September 7, 1989, but did not seek a stay of the trial court proceedings during the pendency of its petition. On October 17, 1989, since no action on the latter petition was taken immediately and plaintiffs were concerned about time running on their ability to obtain a new trial date within the statute of limitations period provided in section 583.310 et seq., plaintiffs requested that this court issue a stay of the trial until final resolution of the petition. This court denied both the petition for writ of mandate and the request for stay by an order filed on October 27, 1989. This second petition was pending in this court for a period of 50 days.

On November 1, 1989, plaintiffs filed a motion to specially set a trial date. Petitioner opposed the motion and after a hearing on November 28, 1989, the trial court granted the motion and set a trial date of March 26, 1990.

On February 27, 1990, petitioner filed a motion to dismiss plaintiffs' suit for failure to bring their case to trial within the statutory time period prescribed by sections 583.350 and 583.360. The motion was heard on March 15, 1990, and denied in a written opinion filed by the trial court on March 21, 1990. The trial court found that in seeking a trial date, plaintiffs had miscalculated the time within which the statutory time period would run. However, the trial court held the trial date of March 26, 1990, did not exceed the five-year limitation based on its finding that pursuant to section 583.340 and *Kaye* v. *Mount La Jolla Homeowners Assn.* (1988) 204 Cal.App.3d 1476 [252 Cal.Rptr. 67], a period of fifty days should be tolled due to the "impracticability" of bringing the case to trial while the second petition for writ of mandate was pending in this court.

### DID THE TRIAL COURT ERRONEOUSLY DENY PETITIONER'S MOTION TO DISMISS THE ACTION FOR FAILURE TO BRING THE CASE TO TRIAL WITHIN THE STATUTORY TIME LIMITS?

### DISCUSSION

 Because plaintiffs mistakenly applied the six-month extension period under section 583.350 to the end of the original five-year period (Oct. 16,

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

1989) rather than to the end of the stay period (Aug. 24, 1989), their motion to specially set for trial filed on November 1, 1989, erroneously stated, "this case must be brought to trial on or before April 16, 1990 to avoid mandatory dismissal under the provisions of sections 583.310, 583.340, 583.350, and 583.360 . . . ." Petitioner, in its written opposition to that motion and at the hearing held on November 28, 1989, failed to note or call the trial court's attention to what it now terms "plaintiffs' miscalculation." In its instant petition, petitioner now argues: "In the instant case, the reason plaintiffs did not bring their case to trial was because they misinterpreted the provisions of section 583.350. Instead of adding six months to the date the stay was lifted, August 24, 1989, plaintiffs added six months to the date the original five-year statute expired, October 16, 1989. Thus, plaintiffs arrived at April 16, 1990 as the last day to bring the case to trial instead of the correct date of February 26, 1990. Plaintiffs' miscalculation was the basis upon which the trial court relied to set the March 26, 1990 trial date."

Petitioner contends there was no causal connection between the 50-day pendency of the second petition for writ of mandate and plaintiffs' failure to bring this case to trial within the statutory period as required by *Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson)* (1990) 217 Cal.App.3d 464 [266 Cal.Rptr. 50]. Therefore, petitioner concludes, the trial court abused its discretion by failing to dismiss the instant action. Not so.

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.340 provides:

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The jurisdiction of the court to try the action was suspended.

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Section 583.350 provides: "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if

the action is brought to trial within six months after the end of the period of tolling or extension."

Section 583.360 provides:

"(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article.

"(b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

These sections recodified former section 583, subdivision (b) as construed by the courts. The purpose of these requirements was stated in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] as follows: "The aim of section 583 is to 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed . . . [and] to protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' [Citations.]

"Despite the mandatory language of the section, this court has made an effort to 'set[] reality above artificiality' in applying section 583(b). [Citation.] Implied exceptions to the rule have been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' [Citations.] The reasoning underlying these implied exceptions has been repeatedly noted. 'The purpose of the statute is . . . to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding in all events in five years . . . .' [Citations.]

"What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.

"The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with section 583(b) due to causes beyond his or her control. [Citation.] Section 583(b) should not be applied to 'penaliz[e] conduct entirely reasonable' nor to impose a 'procedure detrimental to the interest of both court and litigants.' [Citation.] Neither the courts nor litigants have any

legitimate interest in preventing a resolution of the lawsuit on the merits if, through plaintiff's exercise of reasonable diligence, the goals of section 583(b) have been met." (*Moran* v. *Superior Court, supra,* 35 Cal.3d at pp. 237-238, fns. omitted.)

Mr. Witkin states concerning section 583.340:

"(a) *Codification of Exception.* C.C.P. 583.340 codifies the former case law . . . . After stating in subdivisions (a) and (b) the suspension of jurisdiction and stay of action exclusions . . . , subdivision (c) adds the exclusion of the time during which 'Bringing the action to trial, *for any other reason,* was impossible, impracticable, or futile.'

"The Law Revision Commission comments as follows: 'The provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring trial on the merits. See Section 583.130 (policy statement). Contrast Section 583.240 and Comment thereto (strict construction of excuse for failure to serve within prescribed time). This difference in treatment recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile due to factors not reasonably within the control of the plaintiff.' . . .

"(b) *Tolling Despite Reasonable Time Remaining.* Several cases rejected the excuse where, although there was a period of impracticability, a reasonable time remained after that period to bring the action to trial. [Citations.]

"The revised law repudiates these holdings by stating the excuse without any such qualification; hence, the time during which it was impracticable is excluded in all cases. (See Law Rev. Com. Comment.) The Commission explains: 'This is consistent with the treatment given other statutory excuses; it increases certainty and minimizes the need for a judicial hearing to ascertain whether or not the statutory period has run.' (17 Cal. Law Rev. Com. Reports, p. 919.)" (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 142, pp. 446-447.)

In denying petitioner's motion to dismiss, the trial court relied on *Kaye* v. *Mount La Jolla Homeowners Assn., supra,* 204 Cal.App.3d 1476 to find that during the time petitioner's second petition for writ of mandate was pending before this court, it was impracticable for plaintiffs to take their case to trial. In *Kaye,* the court held that a pending writ on the issue of punitive damages in a personal injury case made it "impracticable" to bring the case to trial until the writ was resolved. The *Kaye* court relied on the California Supreme Court cases of *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153] and *General Motors Corp.* v. *Superior Court*

(1966) 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492] to support its holding. In *Christin, supra*, the court established the rule that an interlocutory appeal may toll the running of the five-year statute. The court held this to be appropriate even if the trial court technically retains jurisdiction to try the matter, so long as it would be impracticable to proceed to trial pending resolution of the appeal.

In *General Motors, supra*, the court extended the *Christin* rule by holding the five-year statute may be tolled during the pendency of an extraordinary writ petition if it would be impracticable to bring the action to trial before the petition was resolved. ■ Thus, there is ample precedent for the trial court in this case to have found that the pendency of the second writ petition in this court made it impracticable for plaintiffs to go to trial until it was resolved. As such, the court properly tolled the time during which the writ was pending pursuant to section 583.340.

In addition to legal precedent, the record in the instant case fully supports the trial court's ruling. Petitioner's second writ petition challenged the trial court's second denial of petitioner's motion for summary judgment. This court's decision on the writ could have disposed of the entire action, making a trial in the case unnecessary. Had plaintiffs started the trial while the writ was pending, and had the writ been granted, the trial to that point would have been a complete waste of time, money and judicial resources. Moreover, there was the possibility the writ would have disposed of just some of the issues because the summary judgment motion alternatively sought summary adjudication of issues. Thus, if the trial had begun on all issues and the writ disposed of some of those issues, the trial would have been misdirected to that point. Therefore, the trial court's finding that it was impracticable for plaintiffs to proceed with the trial during this time was amply supported by the evidence.

■ Petitioner's only contentions herein are that the *Sierra Nevada* case, *supra*, requires a causal connection between the period of claimed impracticability and the failure to secure a timely trial, and that there is no such causal connection here. Petitioner misconstrues the holding in *Sierra Nevada* because what the *Sierra Nevada* court really held is that there was no showing of impossibility, impracticability, or futility under the circumstances of that case.

In *Sierra Nevada*, the plaintiffs filed a medical malpractice suit on January 28, 1983. On December 9, 1986, the complaint was served. On February

2, 1987, plaintiffs' counsel was substituted. On April 29, 1988, plaintiffs propounded their first and only set of interrogatories. Plaintiffs answered defendant's only set of interrogatories on August 22, 1988. Plaintiffs then propounded their first and only set of requests for production of documents on November 21, 1988, to which defendant responded on December 21, 1988. Five years and one day after filing the complaint, plaintiffs served defendant with an at issue memorandum. Thereafter, on February 6, 1989, defendant filed a motion to dismiss for failure to bring the matter to trial within the five-year period. The motion was denied because the trial court tolled 77 days for various interspersed periods of plaintiffs' counsel's illness. However, the appellate court found the only reason plaintiffs did not bring the case to trial was due to counsel's mistaken belief as to the date the complaint had been filed.

The court first gave the background of section 583.340, subdivision (c) as follows: "Section 583.340 was added to the code in 1984 without change as proposed by the California Law Revision Commission. (See 17 Cal.Law Revision Com. Rep. (1984) 905, 935.) For that reason the report of the commission is entitled to substantial weight in construing the statute, particularly since the Commission's comment which accompanied the proposed statute through the legislative process is brief. (See, e.g., *Van Arsdale v. Hollinger* (1968) 68 Cal.2d 245, 249-250 [66 Cal.Rptr. 20, 437 P.2d 508].)

"The comment says in material part: 'Subdivision (c) [of section 583.340] codifies the case law "impossible, impractical, or futile" standard. The provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring trial on the merits. See Section 583.130 (policy statement). Contrast Section 583.240 and Comment thereto (strict construction of excuse for failure to serve within prescribed time). This difference in treatment recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile due to factors not reasonably within the control of the plaintiff. [¶] Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial. This overrules cases such as *State of California v. Superior Court*, 98 Cal.App.3d 643, 159 Cal.Rptr. 650 (1979), and *Brown v. Superior Court*, 62 Cal.App.3d 197, 132 Cal.Rptr. 916 (1976).' (17 Cal.Law Revision Com.Rep., *supra*, at p. 936.)" (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson)*, *supra*, 217 Cal.App.3d at pp. 469-470.)

The court explained that section 583.340 codified prior case law. The court pointed out, however, that the new statute was drafted to effect one change in the prior law.

"However, it appears from the Law Revision Commission comment that the new statute was drafted to effect one change in the prior law. Under the prior case law the claim that the statute should be tolled because of an inability occurring during the five years was rejected if there remained time to bring the action to trial after the end of the period of claimed inability. Thus, in *Brown* v. *Superior Court* (1976) 62 Cal.App.3d 197 [132 Cal.Rptr. 916], the plaintiff was incarcerated during part of the five-year period following the filing of the complaint but was released almost two years prior to the deadline. The court reasoned that it need not reach the question whether the period of incarceration met the impossible, impracticable, and futile standard because plaintiff was thereafter available for trial for nearly two years. It applied the statute to terminate the action. (62 Cal.App.3d at p. 199.) In *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650], judicial arbitration proceedings took almost ten months of the five year period but there remained almost seven months until the deadline. The court reasoned that this was ample time within which to bring the matter to trial and that the reason for failure to meet the deadline was an inadvertent failure to seek an early trial date. It held that 'since plaintiffs had in excess of six months to bring the action to trial . . . following the termination of the arbitration proceedings . . . the court below abused its discretion in failing to grant defendants' motion to dismiss.' (98 Cal.App.3d at p. 650.)

"The Law Revision Commission comment asserts that these cases are to be 'overruled' by section 583.340. Plaintiffs argue that the mechanism which effects this purpose is the provision that 'time during which . . . [¶] [c] [b]ringing the action to trial . . . was impossible, impracticable, or futile' is to be excluded from computation of the five years. But they give no explanation why this is so. The rule which governed the *Brown*, and *State of California* v. *Superior Court* cases, to which the proscription of the Law Revision Commission comment is directed, is that regardless whether there was a period of impossibility, impracticability, or futility which occurred during the statutory period, if there is a reasonable time within which to bring the matter to trial thereafter the period of impossibility etc. did not toll the five years. The rule which is thereby abrogated is in the nature of an equitable consideration which is evoked after it had been shown that there was a period during which the bringing of the matter to trial was impossible, impracticable or futile. That left as a viable precedent the applications

of the existing cases of the test of impossibility, impracticability, or futility." (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court* (*Hudson*), *supra*, 217 Cal.App.3d at pp. 470-471.)

The court then concluded as follows: "That brings us to this case. As appears, the change in the law has no application to these circumstances. Rather, like *Central Mutual Ins. Co.* v. *Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791 [192 Cal.Rptr. 169], here 'we are not dealing with a case of balancing the equities in the exercise of discretion *after* proof of impossibility, impracticability or futility.' (*Id.* at p. 794; italics in original.) Rather, we are asked to determine what it means to say that '[b]ringing the action to trial, . . . was impossible, impracticable, or futile' by reason of the claimed disability. That implies a causal connection between disability and impossibility. That cannot mean that for any reason unconnected to the progress of the case the plaintiff does not have it within his power to bring the case to trial during the statutory period. If that were the sole criterion the statutorily prescribed five years would never be applicable. The ordinary and usual proceedings in the course of the prosecution of an action necessarily entail some periods during which the plaintiff cannot literally bring the matter to trial, as for example the period during which the defendant hospital has the right to answer. Such periods are not within the reach of the impossible, impracticable, or futile standard." (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court* (*Hudson*), *supra*, 217 Cal.App.3d at pp. 471-472.)

Thus, it is clear that so long as the court may conclude that there was a period of impossibility, impracticability or futility, over which plaintiff had no control, the court is required to toll that period even if there is ample time after said period of impracticability within which to go to trial.

Contrary to defendant's contention, however, *Sierra Nevada* does *not* hold that before the period of impracticability can be tolled it must be shown that, but for the impracticability, plaintiffs would have brought the case to trial within the five-year period. Rather, the old test for impracticability continues to govern these cases. This includes the rule that not all time periods during which the plaintiffs could not go to trial are within the reach of the impracticability standard. However, the one change in the law is that the impracticability period does *not* have to be the cause for the delay. The cases so holding were overruled. Even if there is plenty of time remaining for a trial, the period must be tolled.

While *Sierra Nevada* did discuss causation principles, said principles were deemed applicable only with respect to whether the claimed disability due

to illness constituted impracticability in the first instance. It did not hold that the period of impracticability had to be the cause for not bringing the case to trial on time.

"[H]ere 'we are not dealing with a case of balancing the equities in the exercise of discretion *after* proof of impossibility, impracticability or futility.' (*Id.* at p. 794; italics in original.) Rather, we are asked to determine what it means to say that '[b]ringing the action to trial, . . . was impossible, impracticable, or futile' by reason of the claimed disability." (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson), supra*, 217 Cal.App.3d at p. 471.)

The court went on to hold that the evidence of counsel's illness did not establish impracticability because the periods of illness were interspersed over a two-year period and other counsel on the case should have been responsible for making sure the case was tried within the five-year period. In addition, plaintiff's counsel admitted that it was inadvertence not illness that caused him not to bring the case to trial on time.

In stark contrast, here the question of whether it was impracticable to bring the case to trial during the time that the second writ was pending was properly answered in the affirmative. This is supported by the "viable precedent . . . of the existing cases of the test of impossibility, impracticability, or futility," which the new statute did not change. (*Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court (Hudson), supra*, 217 Cal.App.3d at p. 471.)

As discussed above, in the instant case the trial court properly concluded that it was impracticable for the trial to proceed during the pendency of the second writ petition because both precedent and the evidence support such a finding. As such, regardless of the fact that plaintiffs had four months remaining (excluding the tolled period), plaintiffs were still entitled to have the fifty-day period tolled. Since the trial date was within the five-year period, taking into consideration the extension pursuant to section 583.350 for the stay of the original trial date, and fifty days tolled pursuant to section 583.340 for the impracticability period, the fact that plaintiffs had erroneously calculated the last day for trial is irrelevant. The statutory period not having expired yet, the trial court did not abuse its discretion by denying the motion to dismiss.

## DISPOSITION

The petition for writ of mandate is denied. Real parties in interest to have their costs.

Baxter, J., and Dibiaso, J., concurred.