235 Cal.App.3d 1473 (1991)
1 Cal. Rptr.2d 499
DAWN M. CHIN, Plaintiff and Appellant,
v.
ROBERT M. MEIER et al., Defendants and Respondents.
Docket No. B050696.
Court of Appeals of California, Second District, Division Six.
November 14, 1991.
*1474 COUNSEL
Lawrence Noble and Mark J. Gregersen for Plaintiff and Appellant.
Archbald & Spray, Barry Clifford Snyder and Peri Maziarz for Defendants and Respondents.
OPINION
YEGAN, J.
We hold that Code of Civil Procedure section 583.340, subdivision (c) tolling includes the aggregate time a case is continued because of courtroom unavailability regardless of whether a reasonable time remains *1475 to bring the action to trial before the expiration of the five-year limitation period.[1]
Dawn M. Chin appeals from an order dismissing her civil action for failure to bring the case to trial within five years. (§§ 583.310, 583.340, 583.360.) The trial court ruled that a series of continuances based upon courtroom unavailability did not extend or toll the five-year period for compulsory trial. (§ 583.340, subd. (c).) We reverse with directions.
On May 18, 1984, appellant filed a civil action for injunctive relief and damages claiming that respondents harmed her real property by improperly terracing their adjoining property. After many trial continuances and a coordination proceeding, respondents sought a mandatory dismissal based on appellant's failure to bring the case to trial within five years. (§§ 583.310, 583.360.) On March 30, 1990, the court granted the motion to dismiss.
The tolling periods are as follows:
Period 1 - December 15, 1986, trial continued on the court's motion to March 23, 1987. (98 days.)
Period 2 - March 21, 1988, trial continued to August 29, 1988, pending resolution of a petition to coordinate the case with a parallel Los Angeles action. The case was assigned to a coordination judge for 126 days. May 15, 1989, set as the new trial date.
Period 3 - May 15, 1989, trial continued on the court's motion to September 5, 1989. (113 days.)
Period 4 - September 5, 1989, trial continued on the court's motion to October 16, 1989. (41 days.)
Period 5 - October 16, 1989, case trailed on the court's motion in master calendar to October 30, 1989. (14 days.)
Period 6 - October 30, 1989, trial continued to December 4, 1990, based on respondents' express waiver of the five-year rule. (35 days.)
On December 4, 1989, the case trailed in master calendar until December 7, 1989, when the court advised the parties that a courtroom was available. Appellant's motion to continue trial to April 2, 1990, to retain new counsel *1476 was granted over respondent's objection. Appellant claimed the continuance did not violate the five-year rule.
At the March 30, 1990, hearing, the court rejected appellant's argument that court-ordered trial continuances because of courtroom unavailability toll the 5-year period. The court ruled that the 5-year statute expired October 26, 1989 and was only tolled 126 days during the coordination proceeding (Apr. 14, 1988 to Aug. 18, 1988; Bank of America v. Superior Court (1988) 200 Cal. App.3d 1000, 1011-1012 [246 Cal. Rptr. 521]); plus 35 days based on respondents' trial continuance (Oct. 30, 1989 to Dec. 4, 1989). As we shall explain, the 5-year period was tolled an additional 266 days because of 4 court-ordered trial continuances, periods 1, 3, 4 and 5 (98 days, 113 days, 41 days, and 14 days respectively) when when both sides announced "ready" but no courtrooms were available.
Section 583.310 states "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." In computing the five-year period, the court must exclude the time in which it was "impossible, impracticable, or futile" to bring the action to trial. (§ 583.340, subd. (c).)
Prior to the enactment of section 583.340 (added by Stats. 1984, ch. 1705, § 5, p. 6176), case law recognized implied exceptions to the five-year statute. (Moran v. Superior Court (1983) 35 Cal.3d 229, 237-238 [197 Cal. Rptr. 546, 673 P.2d 216].) "One, of course, is the rule that if the plaintiff has obtained a trial date within the five years and is prevented from actually going to trial because no courtroom is open, the delay is `on the house.' [Citation.]" (Hartman v. Santamarina (1982) 30 Cal.3d 762, 766 [180 Cal. Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].) The five-year statute was customarily tolled if the trial was timely set but continued beyond the five-year period because of court congestion. (Breacher v. Breacher (1983) 141 Cal. App.3d 89, 91 [190 Cal. Rptr. 112]; Monzon v. Schaefer Ambulance Service Inc. (1990) 224 Cal. App.3d 16, 28-29 [273 Cal. Rptr. 615]; Goers v. Superior Court (1976) 57 Cal. App.3d 72, 74-75 [129 Cal. Rptr. 29]; Bennett v. Bennett Cement Contractors, Inc. (1981) 125 Cal. App.3d 673, 677-678 [178 Cal. Rptr. 633].) However, no case held that a plaintiff could aggregate periods of time attributable to court-ordered continuances when the last trial date preceded the five-year anniversary.
(1) Section 583.340 was enacted to codify the "impossible, impractical, or futile" standard previously employed by the courts. The statute was proposed by the California Law Revision Commission and enacted in 1984 without change. "For that reason the report of the commission is entitled to substantial weight in construing the statute...." (Sierra Nevada *1477 Memorial-Miners Hospital, Inc. v. Superior Court (1990) 217 Cal. App.3d 464, 469 [266 Cal. Rptr. 50].)
The California Law Revision Commission comments state: "Subdivision (a) of Section 583.340 continues the substance of the last portion of subdivision (f) of former Section 583. Subdivision (b) codifies existing case law. See, e.g., Marcus v. Superior Court, 75 Cal. App.3d 204, 141 Cal. Rptr. 890 (1977). [¶] Subdivision (c) codifies the case law `impossible, impractical, or futile' standard. The provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring trial on the merits. See Section 583.130 (policy statement). Contrast Section 583.240 and comment thereto (strict construction of excuse for failure to serve within prescribed time). This difference in treatment recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile due to factors not reasonably within the control of the plaintiff. [¶] Under Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial. This overrules cases such as State of California v. Superior Court, 98 Cal. App.3d 643, 159 Cal. Rptr. 650 (1979), and Brown v. Superior Court, 62 Cal. App.3d 197, 132 Cal. Rptr. 916 (1976)." (17 Cal. Law Revision Com. Rep. (1984) 904, 935-936, first italics added.)
"`[I]n Brown v. Superior Court (1976) 62 Cal. App.3d 197 [132 Cal. Rptr. 916], the plaintiff was incarcerated during part of the five-year period following the filing of the complaint but was released almost two years prior to the deadline. The court reasoned that it need not reach the question whether the period of incarceration met the impossible, impracticable, and futile standard because plaintiff was thereafter available for trial for nearly two years. It applied the statute to terminate the action. (62 Cal. App.3d at p. 199.) In State of California v. Superior Court (1979) 98 Cal. App.3d 643 [159 Cal. Rptr. 650], judicial arbitration proceedings took almost ten months of the five year period but there remained almost seven months until the deadline. The court reasoned that this was ample time within which to bring the matter to trial and that the reason for failure to meet the deadline was an inadvertent failure to seek an early trial date. It held that "since plaintiffs had in excess of six months to bring the action to trial ... following the termination of the arbitration proceedings ... the court below abused its discretion in failing to grant defendants' motion to dismiss." (98 Cal. App.3d at p. 650.)'" (New West Fed. Savings & Loan Assn. v. Superior Court (1990) 223 Cal. App.3d 1145, 1154 [273 Cal. Rptr. 37].)
(2) We hold that section 583.340 subdivision (c) tolling includes the aggregate time a case is continued because of courtroom unavailability *1478 regardless of whether a reasonable time remains to bring the action to trial before the expiration of the five year limitation period. In the recent case of Rose v. Scott (1991) 233 Cal. App.3d 537, 541-542 [284 Cal. Rptr. 487], Division Three of the First District so held. We agree that the Law Revision Commission's comments compel this holding. A court-ordered continuance makes it impossible or impractical for a plaintiff to proceed to trial. Such an occurrence is not reasonably within the plaintiff's control. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 143, p. 447.)
This statutory construction favors a trial on the merits and assures a plaintiff is not penalized because of courtroom unavailability. "We reject respondents' argument that there can be no tolling prior to the running of the entire statutory period  their argument essentially being there is no need to toll until the period has run and a plaintiff's right to a trial is in jeopardy. The California Supreme Court, in Hartman v. Santamarina (1982) 30 Cal.3d 762, 768 [180 Cal. Rptr. 337, 669 P.2d 979, 32 A.L.R.4th 833], explicitly held that abeyance due to unavoidable delay is not conditioned upon the abeyance stretching beyond the fifth anniversary of the commencement of the action." (Lazelle v. Lovelady (1985) 171 Cal. App.3d 34, 42 [217 Cal. Rptr. 145].)
Thus, for purposes of the five-year limitation period, a court-ordered continuance when both sides announce "ready" and no courtroom is available is to be treated as a discrete tolling event. "[I]t is clear that so long as the court may conclude that there was a period of impossibility, impracticability or futility, over which plaintiff had no control [here 50 days because of a pending writ petition in the Court of Appeal], the court is required to toll that period even if there is ample time after said period of impracticability within which to go to trial." (New West Fed. Savings & Loan Assn. v. Superior Court (1990) 223 Cal. App.3d 1145, 1155 [273 Cal. Rptr. 37].)
Relying on Sierra Nevada Memorial-Miner's Hosp. Inc. v. Superior Court (1990) 217 Cal. App.3d 464, 472 [266 Cal. Rptr. 50], respondent claims that the rule we announce "... would render the statute utterly indeterminate, subjective, and unadministerable, and thus absurd...." We disagree. The trial court must merely subtract the aggregate periods of time attributable to each court-ordered continuance because of courtroom unavailability.
The reporter's transcript shows the court never considered or ruled on respondents' alternative motion for a three-year discretionary dismissal. (§ 583.410.) We therefore reverse the judgment and remand to the trial court for a hearing on the discretionary dismissal motion. We express no opinion *1479 on how that discretion should be exercised. As prevailing party, costs on appeal are awarded to appellant.
Stone (S.J.), P.J., and Gilbert, J., concurred.
Respondents' petition for review by the Supreme Court was denied February 11, 1992.
NOTES
[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.