Filed 2/23/24  Cho v. Haul-Away Rubbish Service Co. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MIN SUN CHO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>HAUL-AWAY RUBBISH SERVICE CO.,<br><br>Defendant and Respondent. | B326376<br><br>(Los Angeles County<br>Super. Ct. No. BC654003) |

APPEAL from an order of dismissal of the Superior Court of Los Angeles County, Mel Red Recana, Judge. Reversed with directions.

Min Sun Cho, in pro. per., for Plaintiff and Appellant.

Horvitz & Levy, Karen M. Bray and Andrea L. Russi; Armijo, Morovati & Shields and Christina Y. Morovati for Defendant and Respondent.

Plaintiff Min Sun Cho (Cho) appeals from an order dismissing this action pursuant to Code of Civil Procedure[1] section 583.360 for failure to bring it to trial within five years. We reverse. As we discuss, Cho filed his complaint on March 15, 2017, and thus the five-year statutory period (as extended by six months pursuant to the state's emergency Covid-19 rules) ended on September 15, 2022. Cho was not able to bring the matter to trial prior to that date because the trial court repeatedly continued the trial on its own motion or at the request of defendant Haul-Away Rubbish Service Co. (Haul-Away). These continuances—*none* of which was requested by Cho—collectively moved the trial date by 51 months, including extensions of 24 months made over Cho's express objections. As such, it was "impossible" or "impracticable" for Cho to bring the case to trial within five years (§ 583.340, subd. (c)), and the trial court abused its discretion by dismissing the case for failure to prosecute (§ 583.360).

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Background.

Cho filed the present action against CKE Restaurants Holdings, Inc. d/b/a Carl's Jr. Restaurant (CKE) and Does 1 to 20 on March 15, 2017. The complaint alleged that in August 2015, Cho lived in an apartment next to a Carl's Jr. Restaurant (restaurant). At CKE's direction, trash was collected from the restaurant every morning between 4:00 and 6:00 a.m., disrupting

---

[1] All subsequent statutory references are to the Code of Civil Procedure.

Cho's sleep and causing his physical and psychological health to deteriorate. Cho notified CKE of the problem, but it refused to have the restaurant's trash collected at a different time. Cho alleged that these practices gave rise to causes of action for nuisance and intentional and negligent infliction of emotional distress. (*Cho v. CKE Restaurants Holdings, Inc.* (Apr. 27, 2022, B310704) [nonpub. opn.].)

In January 2018, CKE filed an indemnity cross-complaint against its trash collector, Haul-Away. On March 4, 2019, Cho amended his complaint to substitute Haul-Away into the case as a Doe defendant.

## II. Haul-Away's motions to continue the trial date.

The case originally was set for trial on September 17, 2018. In May 2018, Haul-Away filed a motion to continue the trial 180 days to allow it time to conduct discovery. The motion was not ruled on; instead, in June 2018, the court transferred the case to a different department, and in August 2018, the new trial judge set the case for trial on May 28, 2019.

On March 14, 2019, Haul-Away filed a second request to continue trial for six months. Cho did not oppose the motion. The court found good cause to grant the motion and continued the trial more than 18 months—a full year more than Haul-Away requested—to September 21, 2020.

In February 2020, CKE filed a motion for summary judgment and reserved the first available hearing date, November 12, 2020, which was two months *after* the then-current trial date. CKE then filed an ex parte application, which Haul-Away joined, to continue the trial five months, to January 2021. Cho did not file opposition or appear at the hearing. The court granted the motion but continued the trial date 11 months—six

3

months beyond what CKE and Haul-Away had requested—to August 2021.

In November 2020, the court granted CKE's motion for summary judgment. Cho appealed from the resulting judgment.

In July 2021, Haul-Away filed a third request to continue trial "to a date convenient to the court's calendar after resolution of the pending appeal." Haul-Away urged that "[t]o proceed to trial at this point would pose the risk that should Plaintiff's appeal be granted and [CKE] is brought back into this lawsuit, Haul-Away will have to undergo two trials." Thus, "[i]n the interests of justice and judicial economy, it is prudent to await the resolution of the appeal before proceeding to trial on this matter."

Cho opposed the application to continue the trial. He urged that he was ready to proceed to trial against Haul-Away, and the claims against Haul-Away and CKE could be separately tried without prejudice to Haul-Away, which was separately liable to Cho. Further, Cho said, he "**do[es] not and will not stipulate** to a continuance." (Original emphasis.) He therefore urged the court to deny the application and order the case to trial.

On July 7, 2021, the court granted Haul-Away's application and continued the trial another nine months, to May 2022.

In January 2022, Cho filed a motion for summary judgment against Haul-Away and reserved the first available hearing date on the court's calendar, May 4, *2023*—16 months after the filing of the summary judgment motion, and more than a year after the scheduled trial date.[2] Cho then filed an ex parte application to

---

[2] Haul-Away's counsel suggested at oral argument that there was no evidence that Cho calendared his summary judgment

4

advance the summary judgment hearing to the first available date prior to the May 9, 2022 trial date.  In his supporting declaration, Cho stated that five years had passed since he filed his complaint.[3]

Haul-Away opposed Cho's application.  Haul-Away conceded that Cho had filed his motion in sufficient time to allow the motion to be heard 30 days before trial and to allow Haul-Away 75 days to file an opposition.[4]  Nonetheless, Haul-Away urged that advancing the hearing "would be prejudicial to [Haul-Away] who has to oppose this motion by a pro per plaintiff and [who] relied on the current scheduled date for the motion."  Haul-

motion on the first available hearing date.  In fact, in his motion to advance the summary judgment hearing date, Cho stated that he was "moving on an ex parte basis because the earliest hearing date available to have a Noticed Motion for Summary Judgment to be heard is May 4, 2023."  Haul-Away did not submit any evidence to the contrary—instead, in opposition to Cho's motion, Haul-Away asserted only that "[a]s of January 21, 2021, this Court had dates available in February 2022 to hear a *Noticed Motion to Continue Trial or a Noticed Motion to Advance the Date of Plaintiff's Motion for Summary Judgment*, which are the proper motions that should have been filed."  (Italics added.)

[3]    In fact, approximately four years and 10 months had passed since Cho filed his complaint on March 15, 2017.

[4]    Pursuant to section 437c, a motion for summary judgment shall be served at least 75 days before the hearing, and the motion shall be heard "no later than 30 days before the date of trial, unless the court for good cause orders otherwise."  (§ 437c, subds. (a)(2), (3).)

5

Away also suggested that "the interests of justice are best served by a trial continuance."

Cho filed a reply in which he opposed Haul-Away's suggestion that the trial date be continued. He again requested that the court advance his summary judgment hearing date and stated that five years had passed since he filed his complaint.

On January 8, 2022, the trial court continued the trial date 15 months, to August 14, 2023, "[o]n the Court's own motion."

## III. Haul-Away's motion to dismiss for failure to prosecute.

On April 27, 2022, this court affirmed the grant of summary judgment for CKE. The remittitur issued on August 5, 2022.

On October 17, 2022, Haul-Away filed a motion to dismiss pursuant to sections 583.310 and 583.360, which provide that an action shall be brought to trial within five years. Haul-Away asserted Cho had filed his complaint on March 15, 2017, and thus under section 583.310 and California Rules of Court, Appendix I, Emergency Rule 10(a),[5] trial had to commence no later than September 15, 2022. Haul-Away further asserted that it had never stipulated to extend the time to bring the case to trial, and the court had not stayed the action during Cho's appeal of summary judgment for CKE. Additionally, "[a]t no time during

---

[5] California Rules of Court, Appendix I, Emergency Rule 10(a) provides: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months."

the ex parte hearing of January 28, 2022, did Plaintiff alert this Court that the new trial date was set beyond the statutory time frame," and "at no time during the hearing did Haul-Away stipulate to waive the provisions of [section 583.310]." Thus, Haul-Away contended, the court was required to dismiss the case for failure to prosecute.

Cho opposed the motion to dismiss. He urged that he had acted diligently to bring the case to trial within five years, including filing a motion to advance the summary judgment hearing to a date before the May 9, 2022 trial date. Further, Haul-Away had repeatedly sought continuances of the trial date, which the court had granted over Cho's objections. Cho urged that these continuances either constituted stays that should be excluded from the five years, or made it impossible, impracticable, or futile to bring the case to trial within the statutory period. Alternatively, Cho urged that Haul-Away was estopped by its litigation conduct from seeking dismissal under section 583.310.

On November 10, 2022, the trial court granted the motion to dismiss and dismissed the action pursuant to section 583.360. The court found that the case was not stayed during Cho's appeal, Cho failed to apprise the court of the impending five-year deadline, and Cho failed to have the trial date advanced. Thus, Cho "fail[ed] to show that he exercised reasonable diligence in prosecuting this case" or that bringing the action to trial "was impossible, impracticable, or futile."

Cho timely appealed from the dismissal order.[6]

---

[6] An order of dismissal is appealable as a final judgment. (§ 581d ["All dismissals ordered by the court shall be in the form

7

## DISCUSSION

Cho contends the trial court erred in dismissing this action because (1) the action was automatically stayed during the pendency of his appeal, (2) the trial court's continuances of the trial date should have been excluded from the statutory five-year period to bring the case to trial, and (3) Haul-Away was estopped by its litigation conduct from seeking to dismiss the action.

As we discuss, the trial court's repeated continuances granted over Cho's objections made it "impossible, impracticable, or futile" within the meaning of section 583.340, subdivision (c) for Cho to bring the case to trial within five years. Accordingly, the trial court erred in dismissing the action.[7]

## I.    Standard of review.

Section 583.310 provides that an action shall be brought to trial within five years. Under section 583.340, however, when computing the five-year period, a court shall exclude the time during which (a) "[t]he jurisdiction of the court to try the action was suspended," (b) "[p]rosecution or trial of the action was stayed or enjoined," or (c) "[b]*ringing the action to trial, for any other reason, was impossible, impracticable, or futile.*" (§ 583.340,

---

of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes"]; *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 588 ["An order dismissing an action is a proper subject for appeal"].)

[7]    Because we so conclude, we do not reach Cho's alternative contentions that his case against Haul-Away was stayed during his appeal against CKE, or that Haul-Away's numerous extension requests estopped it from seeking to dismiss.

8

italics added.)  An action shall be dismissed by the court on motion of the defendant or on its own motion if the action is not brought to trial within the time prescribed.  (§ 583.360.)

The plaintiff bears the burden of proving that the circumstances warrant application of an exception to the five-year rule, and the trial court has discretion to determine whether that exception applies.  (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*).)  A proper exercise of discretion "must not be arbitrary, must conform with the spirit of the law, and must be applied in a way that is consistent with substantial justice."  (*Corrinet v. Bardy* (2019) 35 Cal.App.5th 69, 78.)  We review the trial court's decision for an abuse of discretion—that is, " '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' "  (*Gaines*, at p. 1100.)

## II. The trial court's repeated continuances made bringing the case to trial within five years "impossible, impracticable, or futile" within the meaning of section 583.340.

As noted, in calculating the five-year period in which a case must be brought to trial, the court shall exclude the time during which bringing the action to trial "was impossible, impracticable, or futile."  (§ 583.340, subd. (c).)  "This exception is recognized because the purpose of the five-year statute is to prevent *avoidable* delay, and the exception makes allowance for circumstances beyond the plaintiff's control, in which moving the case to trial is impracticable for all practical purposes." (*De Santiago v. D & G Plumbing, Inc.* (2007) 155 Cal.App.4th

9

365, 371, citing *Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328.)

Section 583.130 instructs that "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter." Accordingly, the tolling provisions of section 583.340 " 'must be liberally construed consistent with the policy favoring trial on the merits.' (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 693.)" (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 85.)

" ' "Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar is not within the contemplation of these exceptions." ' [Citations.] This rule reflects the Legislature's understanding that a reasonably diligent plaintiff should be able to bring the case to trial within the relatively lengthy period of five years notwithstanding such ordinary delays." (*Gaines*, *supra*, 62 Cal.4th at p. 1101.) However, a *lengthy* delay that has a significant impact on the litigation may "elevate it from an ordinary circumstance to a circumstance of impracticability." (*Id.* at p. 1102.) Courts thus have focused on "the extent to which the conditions interfered with the plaintiff's ability to 'mov[e] the case to trial' during the relevant period." (*Id.* at p. 1101.) Additionally, "case law both predating and postdating the 1984 statutory revision has long held that '[f]or the tolling provision of section 583.340[(c)] to apply, there must be "a period of impossibility, impracticability or futility, *over which plaintiff had no control*," ' because the statute is designed

10

to prevent *avoidable* delay. [Citations.] The California Law Revision Commission affirmed this understanding in its comment to section 583.340: 'Subdivision (c) codifies the case law "impossible, impractical, or futile" standard. The provisions of subdivision (c) must be interpreted liberally, consistent with the policy favoring trial on the merits. See Section 583.130 (policy statement). Contrast Section 583.240 and Comment thereto (strict construction of excuse for failure to serve within prescribed time). This difference in treatment recognizes that bringing an action to trial, unlike service, may be impossible, impracticable, or futile *due to factors not reasonably within the control of the plaintiff.'* (17 Cal. Law Revision Com. Rep., *supra,* at p. 936, italics added.)" (*Id.* at pp. 1102–1103.)

Both before and since the adoption of section 583.340 in 1984, courts have held that the impossibility, impracticability, or futility exception applies if a plaintiff is unable to take a case to trial due to continuances ordered on the court's own motion or over a plaintiff's objection.[8] For example, in *Chin v. Meier* (1991) 235 Cal.App.3d 1473 (*Chin*), the trial court continued or trailed the trial date four times on its own motion due to courtroom unavailability, causing delays of 266 days. When the parties finally were advised that a courtroom was available, the plaintiff

---

[8] Our Supreme Court has explained that the 1984 amendments were intended to "codify, not supplant, the quasi common-law developments in this area that had evolved over the preceding decades," and thus in addition to the statutory language, "a substantial body of case law guides our analysis." (*Gaines*, *supra*, 62 Cal.4th at p. 1090.) We therefore look to cases decided both before and after the 1984 amendments were adopted.

11

moved to continue the trial for four months to obtain new counsel, and the court granted the motion over the defendant's objection. (*Id.* at pp. 1476–1477.) The defendant then moved to dismiss under sections 583.310 and 583.360 for failure to bring the case to trial within five years, and the trial court granted the motion. (*Chin*, at p. 1475.)

The Court of Appeal reversed. It noted that in computing the five-year period under section 583.310, a court must exclude the aggregate time in which it was impossible, impracticable, or futile to bring the action to trial. (*Chin*, *supra*, 235 Cal.App.3d at p. 1475.) That time necessarily included court-ordered continuances for courtroom unavailability: "*A court-ordered continuance makes it impossible or impractical for a plaintiff to proceed to trial.* Such an occurrence is not reasonably within the plaintiff's control. [Citation.] [¶] This statutory construction favors a trial on the merits and assures a plaintiff is not penalized because of courtroom unavailability." (*Id.* at p. 1478, italics added.) Thus, the trial court abused its discretion by failing to deduct from the statutory period "the aggregate periods of time attributable to each court-ordered continuance because of courtroom unavailability." (*Ibid.*)

The court similarly concluded in *Goers v. Superior Court* (1976) 57 Cal.App.3d 72 (*Goers*). There, the petitioner, Goers, declared the case at issue in February 1975, and the court set a trial date of September 8, 1975, about two-and-a-half months before the expiration of the five-year period. No courtrooms were available on September 8, or on November 24, the date to which the court continued the trial on its own motion. When the parties were advised that a judge and courtroom were unlikely to be available before November 28, the last day of the five-year period,

12

Goers filed a petition seeking a writ either ordering the trial court to begin trial within the statutory period or prohibiting the trial court from dismissing the case for failure to prosecute. (*Id.* at p. 74.)  The Court of Appeal granted the writ, explaining: "[S]ection 583, subdivision (b) [now, section 583.360], requires that a case be dismissed unless it is brought to trial within five years.  Delay may be excused, however, if it has been impossible or impracticable to proceed to trial. . . .  [When] a plaintiff has waited the normal time for a place on the calendar and has been assigned such a place well within the five-year period, his inability thereafter to proceed to trial because of continued court congestion should not be chargeable to the five-year period. . . . [¶] . . . [Goers] having taken steps as early as February 1975 to secure a trial date, and having obtained a trial date two and one-half months in advance of the expiration of the five-year period, demonstrated the diligence required of him under the statute. Upon being advised by [the trial court] on September 8, 1975, and on each subsequent date set for trial, that courtroom facilities were unavailable, it became impossible for [Goers] to proceed to trial." (*Goers*, at pp. 74–75.)

Finally, in *Breacher v. Breacher* (1983) 141 Cal.App.3d 89 (*Breacher*), trial originally was set for a date within the five-year period.  The parties stipulated to a one-month continuance, at which time they were put on "beeper" call due to the court's congested trial calendar.  (*Id.* at p. 91.)  The case was sent out for trial twice, but the defendant, and then the plaintiff, disqualified the assigned judges.  In late December, the defendant asked the plaintiff to stipulate to going off "beeper call" until after the holidays, and the plaintiff agreed.  (*Id.* at p. 92.)  The parties were assigned to a third judge for trial after January 4; when

13

that judge observed that more than five years had passed since the filing of the complaint, the defendant immediately moved to dismiss, and the trial court granted the motion.  (*Ibid.*)  The Court of Appeal reversed.  It noted that the final continuance had been at the defendant's request, and thus it "would be most unseemly to hold that after requesting and obtaining such a delay defendants may, a few days later upon learning the true filing date of the complaint, repudiate their own conduct and instead take advantage of it to secure a windfall dismissal on the eve of trial." (*Id.* at p. 93.)  The court thus reversed with directions to the trial court to restore the matter to the active calendar.  (*Ibid.*)

Applying these principles here, we conclude that the trial court abused its discretion by dismissing Cho's action for failure to bring it to trial within five years.  The trial court continued the trial four times—for a total of *51 months*—each time at the request of defendants or on the court's own motion.  Cho did not seek any of the continuances—to the contrary, he expressly *objected* to the last two continuances, which collectively delayed the trial for approximately 24 months.  Additionally, Cho told the court in July 2021, 16 months before the case was dismissed, that the case was ready for trial; he further said he had not and would not stipulate to a continuance and that the repeated continuances were prejudicial to his financial interests and health.  And, when Cho discovered in January 2022 that he could not obtain a summary judgment hearing prior to the May 2022 trial date, he immediately filed an ex parte application asking the court to advance the summary judgment hearing to a date prior to trial, and he vigorously opposed Haul-Away's suggestion that the trial

14

be continued. In so doing, Cho twice noted in his declarations that nearly five years had passed since the filing of his complaint.

On this record, as in *Chin*, *Goers*, and *Breacher*, the trial court's refusal to set the case for trial manifestly made it impossible or impracticable for Cho to bring his case to trial within five years. Indeed, the facts of the present case are even more compelling than those of *Chin* or *Breacher*. In *Chin*, the plaintiff sought a further continuance after the court advised that a courtroom was available (*Chin*, *supra*, 235 Cal.App.3d at pp. 1476–1477), and in *Breacher*, the plaintiff acquiesced to the defendant's request to go off "beeper call" shortly before the running of the five years (*Breacher*, *supra*, 141 Cal.App.3d at p. 92). In other words, although courtroom unavailability unquestionably delayed the trials in *Chin* and *Breacher*, in both cases the trial date ultimately was continued past the five-year mark either at the plaintiff's request or with plaintiff's acquiescence. In the present case, in contrast, the trial court continued the trial date past the statutory deadline *over Cho's objection*, thus making it impossible for Cho to begin trial within the statutory period.

On appeal, Haul-Away urges that Cho did not establish impossibility or impracticability because he presented no evidence that it would not have been feasible to proceed to trial against Haul-Away while the appeal against CKE was pending, and he "provided no information concerning the estimated length of trial, the number of witnesses or the extent to which they would overlap in trials against Haul-Away and Carl's Jr., the volume of exhibits, the anticipated cost of trial, or whether a trial would involve any unusual complexities." But Cho did not contend in the trial court that either his pending appeal or the

15

complexity of his case made it impossible to bring the case to trial within five years. Instead, in opposition to the motion to dismiss, he urged that he could not timely bring the case to trial because the trial court repeatedly continued the trial date over his objection—in other words, that it was impossible to bring his action to trial because *the court refused to permit him to commence trial within the statutory deadline.* As such, the length and complexity of the anticipated trial were irrelevant to the impossibility or impracticability of bringing the case to trial.

Next, Haul-Away contends that Cho did not establish his own diligence in attempting to bring the case to trial because he did not advise the court that the August 2023 trial date would be outside of the five-year statutory period. The record belies Haul-Away's contention. In fact, in support of both his ex parte application to advance the summary judgment hearing date and his reply, in which he opposed Haul-Away's suggestion that the trial court continue the trial instead of advancing the summary judgment hearing date, Cho asserted that five years had passed since he had filed his initial complaint in the action. To the extent that the trial court made a contrary finding, that finding is not supported by the record.[9]

---

[9] Haul-Away urges that this court is bound by the trial court's finding that Cho " 'never apprised the court during the course of the litigation of the impending five-year deadline.' " The court's statement appears to be based on the declaration of Haul-Away's attorney, Morovati, not on the court's independent recollection. Regardless, this court is bound by the findings of the trial court only if they are supported by substantial evidence. (E.g., *San Diegans for Open Government v. Fonseca* (2021) 64 Cal.App.5th 426, 436 [Court of Appeal is " 'bound by trial

16

Haul-Away also contends that this case is analogous to *Oswald v. Landmark Builders, Inc*. (2023) 97 Cal.App.5th 240. We do not agree. In *Oswald*, the Court of Appeal held that the trial court properly dismissed a case for failure to bring it to trial with the statutory five-year period, as extended by six months due to the COVID-19 pandemic. The Court of Appeal explained that the trial court acted well within its discretion in determining that the pandemic-related courtroom closure and trial continuance did not make it impossible or impracticable for plaintiffs to commence trial in a timely fashion—rather, "plaintiffs' failure to timely commence trial was due to a lack of reasonable diligence, i.e., they were never ready for trial during the relevant periods." (*Id.* at p. 248.) The court noted that there were seven trial continuances " 'either requested or caused by plaintiffs' " (*id.* at p. 245); the last such request was to continue the trial from a date about five months before the five-year deadline to one just 10 days before such deadline " 'or the earliest date thereafter' " acceptable to the court (*id.* at p. 244). The plaintiffs "did not ask for an earlier date on the motion to continue the trial date, never did so thereafter, and ha[ve] made no showing that doing so would have been futile." (*Id.* at p. 250.)

_____

court's findings that are supported by substantial evidence' "]; *Travelers Property Casualty Co. of America v. Workers' Comp. Appeals Bd.* (2019) 40 Cal.App.5th 728, 737 [appellate court not bound by lower court findings that are not supported by substantial evidence or are "unreasonable, illogical, improbable, or inequitable when viewed in light of the entire record"].) Here, because the appellate record demonstrates that Cho told the trial court—twice—that it had been five years since he filed his complaint, we are not bound by the court's contrary finding.

In the present case, in contrast, Cho *never* requested a trial continuance, objected to Haul-Away's last two requests, and asked the trial court to advance his summary judgment hearing date so that his motion could be heard in advance of the then-existing trial date. *Oswald* thus is not relevant to our analysis.

Finally, Haul-Away urges that Cho was not diligent in attempting to bring the case to trial because he did not bring a motion to advance the trial date. We do not agree. While Cho did not move to advance the trial date, he *did* seek to advance the summary judgment hearing date so that his motion for summary judgment could be held prior to the existing trial date, which was within the five-year period—and when Haul-Away suggested that the trial court instead continue the trial date yet again, Cho urged the court not to do so, asserting that "[a]ny further attempt by [Haul-Away] [to continue the trial date] must not be allowed." On this record, it is not clear what more Cho could have done. Moreover, "[while] in propria persona litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure[,] . . . [t]hey are . . . entitled to treatment equal to that of a represented party. Trial judges must acknowledge that in propria persona litigants often do not have an attorney's level of knowledge about the legal system and are more prone to misunderstanding the court's requirements. . . . When one party is represented and the other is not, . . . [t]he judge should monitor to ensure the in propria persona is not inadvertently misled, either by the represented party or by the court. . . . This is the essence of equal and fair treatment, and it is not only important to serve the ends of justice, but to maintain public confidence in the judicial system." (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.) These principles suggest that when the trial court

18

continued the trial over Cho's express objection—and in the absence of any clarifying information from the court—Cho was entitled to conclude that he would be permitted to proceed to trial on the date set by the court.

For all of these reasons, as a matter of law it was "impossible" or "impracticable" for Cho to have brought this case to trial during at least the 24 months that the court continued the trial over his objections. Accordingly, the trial court abused its discretion by failing to exclude those 24 months from the five-year calculation, and by dismissing Cho's complaint for failure to bring the case to trial within five years.

## DISPOSITION

The order of dismissal is reversed.  On remand, we direct the trial court to promptly set a hearing on Cho's motion for summary judgment and, if the motion is denied, to promptly set the matter for trial.  Cho is awarded his appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.